1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  BRADLEY SOLOMON
   Deputy Attorney General
4  State Bar No. 140625
    455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA 94102-3664
    Telephone: (415) 703-5627
6   Fax: (415) 703-5480
    Email: bradley.solomon@doj.ca.gov
7  Attorneys for Defendant William Lockyer

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

   **RICHARD E. WILMSHURST,**                    C 07 3790 WHA
12
                                    Plaintiff,
13
            v.
14
   **MARRIOTT OF SAN FRANCISCO, SAM**
15 **SNOWDEN, IGNATIUS CHINN, WILLIAM**
   **LOCKYER, BLAKE GRAHAM, LEE CAREAGA,**
16 **JOHN MARSH, and KISU YO AND DOES 1**
   **THROUGH 100,**
17
                                    Defendants.
18

19
         **NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT WILLIAM**
20 **LOCKYER FROM PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND**
   **AUTHORITIES IN SUPPORT THEREOF (F.R.C.P. 12(b)(6)); PROPOSED ORDER**
21
                          Date: January 17, 2008
22                        Time: 8:00 a.m.
                          Courtroom: 9
23                        Judge: Honorable William H. Alsup

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MOTION TO DISMISS — 2

MEMORANDUM OF POINTS AND AUTHORITIES — 4

PRELIMINARY STATEMENT — 4

    A.  Parties; Nature Of Action; Plaintiff's Claim — 4

    B.  Grounds For Motion — 4

LEGAL STANDARD — 5

ARGUMENT — 5

BRIEF STATEMENT OF FACTS — 5

**I.**  **PLAINTIFF'S CLAIMS ARE TIME BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.** — 6

**II.**  **PLAINTIFF CANNOT ALLEGE THAT DEFENDANT ATTORNEY GENERAL LOCKYER PERSONALLY PARTICIPATED IN OR PROXIMATELY CAUSED THE DEPRIVATION OF PLAINTIFF'S FEDERALLY PROTECTED CIVIL RIGHTS.** — 7

**III.**  **THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT LOCKYER UPON WHICH RELIEF CAN BE GRANTED.** — 7

    A.  The Complaint Does Not Comply With The Most Basic Requirements Of Pleading. — 7

    B.  The Complaint Fails To State Any Recognizable Claim Against Defendant Lockyer. — 8

    C.  The Complaint Cannot Be Remedied, And Should Be Dismissed Without Leave To Amend. — 10

**IV.**  **PLAINTIFF CANNOT PROVE THE ELEMENTS OF EACH CIVIL RIGHTS CLAIM AGAINST THE NAMED DEFENDANT.** 11

    A.  Plaintiff's First Amendment Claim Is Inviable As There Are No Allegations That Plaintiff Was Even Engaged In The Act Of Free Speech At The Time Of Incident. — 11

    B.  Plaintiff's Fourth Amendment Claim Is Barred By Qualified Immunity. — 13

    C.  Plaintiff's Fifth Amendment Claim Is Rather Curious As There Do Not Appear To Be Any Fifth Amendment Rights At Issue. — 14

**TABLE OF CONTENTS  (continued)**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Page**

D.    Plaintiff's Fourteenth Amendment Claims Are Improper And Inviable.    15

CONCLUSION    18

1

**TABLE OF AUTHORITIES**

2                                                                              **Page**

3  **Cases**

4  *Albright v. Oliver*
   510 U.S. 266, 114 S.Ct. 807 (1994)                                           15
5
   *Anderson v. Creighton*
6  483 U.S. 635, 641 (1986)                                                    13, 14

7  *Arlington Heights v. Metropolitan Housing Corp.*
   429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977)                      16, 17
8
   *Awabdy v. City of Adelanto*
9  368 F.3d 1062, 1071 (9th Cir. 2004)                                          12

10 *Ballisteri v. Pacifica Police Dept.*
   901 F. 2d 696, 699 (9th Cir. 1988)                                           5, 8
11
   *Bergquist v. County of Cochise*
12 806 F.2d 1364, 1369 (9th Cir. 1986)                                           8

13 *Bodine Produce, Inc. v. United Farm Workers Organizing Comm.*
   494 F.2d 541, 556 (9th Cir. 1974)                                             7
14
   *Brewster v. Board of Educ. of Lynwood U. School Dist.*
15 149 F.3d 971, 977 (9th Cir. 1998)                                           13, 14

16 *Caldwell v. City of Elwood*
   959 F.2d 670, 672 (7th Cir. 1992)                                            10
17
   *Chavez v. Martinez*
18 (2003) 538 US 760, 155 L Ed 2d 984, 123 S Ct. 1994                           15

19 *City of Canton v. Harris*
   489 U.S. 378 (1984)                                                           9
20
   *Conley v. Gibson*
21 335 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)                      5, 7

22 *Crawford-El v. Britton*
   320 U.S. App. D.C. 150, 93 F.3d 813, 826 (D.C. Cir. 1996)                    13
23
   *David K. v. Lane*
24 839 F.2d 1265, 1271 (7th Cir. 1988)                                          17

25 *Davis v. Passman*
   442 U.S. 228, 237-238, n.15 (1979)                                            8
26
   *Del Percio v. Thornsley*
27 877 F.2d 785 (9th Cir. 1989)
                                                                                 6
28

## TABLE OF AUTHORITIES  (continued)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Page**

*DeShaney v. Winnebago County Dep't of Social Servs.*
489 U.S. 189, 196 (1989) .................................................. 16

*Estelle v. Gamble*
429 U.S. 97, 106 (1976) .................................................. 9

*Foman v. Davis*
371 U.S. 178, 182 (1962) .................................................. 10

*Graham v. Connor*
490 U.S. 386, 395, 109 S.Ct. 1865, 1871 (1989) .................. 15

*Harlow v. Fitzgerald*
457 U.S. 800, 818 (1982) .................................................. 13, 14

*Harris v. City of Roseburg*
664 F.2d 1121, 1125 (9th Cir. 1981) .................................. 7

*Holden v. Hagogian*
978 F. 2d 1115, 1121 (9th Cir. 1992) ................................ 5

*Ivey v. Board of Regents of University of Alaska*
673 F.2d 266, 268 (9th Cir. 1982) .................................... 8-10

*Jablon v. Dean Witter & Co.*
614 F.2d 677 (9th Cir. 1980) ............................................ 6

*Jones v. Community Redevelopment Agency*
733 F.2d 646, 649 (9th Cir. 1984) .................................... 8, 10, 16

*Karim-Panahi v. Los Angeles Police Dept.*
839 F. 2d 621, 623 (9th Cir. 1988) .................................... 10

*Klamath Lake Pharmacy v. Klamath Medical Service Bureau*
701 F.2d 1276, 1293 (9th Cir. 1983), cert. denied, 464 U.S. 822 (1983) .................................................. 10

*Knop v. Johnson*
667 F.Supp. 467, 501 (W.D. Mich. 1987) .......................... 17

*Knox v. Southwest Airlines*
124 F.3d 1103, 1107 (9th Cir. 1997) .................................. 13

*Lake Country Estates, Inc. v.  Tahoe Regional Planning Agency*
(1979) 4440 US 391, 399, 59 L Ed 29 401, 409, 99 S Ct. 1171 .................................................. 14

*Leer v. Murphy*
844 F.2d 628, 633 (9th Cir. 1988) .................................... 9-11

*Malley v. Briggs*
475 U.S. 335, 341 (1986) .................................................. 13

## TABLE OF AUTHORITIES  (continued)

|  | Page |
|---|---|
| *Martinez v. California*<br>444 U.S. 277, 284 fn. 9 (1980) | 16 |
| *May v. Enomoto*<br>633 F.2d 164, 167 (9th Cir. 1980) | 7 |
| *Mendocino Env'l Ctr. v. Mendocino County*<br>14 F.3d 457, 459-60 (9th Cir. 1994) | 12 |
| *Mescall v. Burrus*<br>603 F. 2d 1266, 1269 (7th Cir. 1979) | 5 |
| *Monell v. Department of Social Services*<br>436 U.S. 658, 692 (1978) | 9 |
| *N.L. Industries, Inc. v. Kaplan*<br>792 F 2d 896, 898 (9th Cir. 1986) | 5 |
| *Nevijel v. North Coast Life Ins. Co.*<br>651 F.2d 671, 673 (9th Cir. 1981) | 8 |
| *North Star Intern v. Arizona Corporation Comm.*<br>720 F.2d 578, 583 (9th Cir. 1983) | 8 |
| *Palmer v. Sanderson*<br>9 F.3d 1433, 1437-38 (9th Cir. 1993) | 9 |
| *Parks School of Business, Inc. v. Symington*<br>51 F. 3d 1480, 1484 (9th Cir. 1995) | 5 |
| *Pena v. Gardner*<br>976 F.2d 469, 471 (9th Cir. 1992) | 8, 9 |
| *Personnel Administration of Massachusetts v. Feeny*<br>442 U.S. 256, 276, 99 S.Ct. 2282, 60 L.Ed2d 870 (1979) | 17 |
| *Robertson v. Dean Whitter Reynolds, Inc.*<br>749 F. 2d 530, 533-534 (9th Cir. 1984) | 8 |
| *Ryncarz v. Eikenberry*<br>824 F.Supp. 1493, 1503 (E.D. Wash 1993) | 9, 10 |
| *Shango v. Jurich*<br>681 F.2d 1091, 1104 (7th Cir. 1982) | 17 |
| *Shirey v. Bensalem Township*<br>501 F.Supp. 1138, 1143 (E.D. Pa. 1980), appeal dismissed, 663 F.2d 472 (3d Cir. 1981) | 10 |
| *Sloman v. Tadlock*<br>21 F.3d 1462, 1469-70 (9th Cir. 1994) | 12 |

## TABLE OF AUTHORITIES  (continued)

Page

*Sweaney v. Ada County*
119 F.3d 1385, 1388 (9th Cir. 1997) .......... 14

*Usher v. City of Los Angeles*
828 F.2d 556 (9th Cir. 1987) .......... 6

*Washington v. Baenziger*
656 F. Supp. 1176, 1177 (N.D. Cal. 1987) .......... 8

*Washington v. Davis*
426 U.S. 229, 238-39, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976) .......... 16

*White v. United States*
588 F.2d 650 (8th Cir. 1978) .......... 10

*Youngberg v. Romeo*
457 U.S. 307 (1982) .......... 16


**Statutes**

42 United States Code
  § 1983 .......... 1, 2, 4, 7, 9-11, 13-15

Code of Civil Procedure
  § 340(3) .......... 6
  §335.1 .......... 6

Federal Rules of Civil Procedure
  Rule 8
  Rule 8 (a) .......... 7
  Rule 8(e)(1) .......... 7
  Rule 12 .......... 8
  Rule 12(b)(6) .......... 1, 2, 5, 6, 8


**Other Authorities**

*Rotunda, et al., Treatise on Constitution Law*
  (1986) 317 .......... 17

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | PAUL T. HAMMERNESS
Supervising Deputy Attorney General
3 | BRADLEY SOLOMON
Deputy Attorney General
4 | State Bar No. 140625
455 Golden Gate Avenue, Suite 11000
5 | San Francisco, CA 94102-3664
Telephone: (415) 703-5627
6 | Fax: (415) 703-5480
Email: bradley.solomon@doj.ca.gov
7 | Attorneys for Defendant William Lockyer

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

| | |
|---|---|
| **RICHARD E. WILMSHURST,** | C 07 3790 WHA |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT WILLIAM LOCKYER FROM PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (F.R.C.P. 12(b)(6)); PROPOSED ORDER** |
| v. | |
| **MARRIOTT OF SAN FRANCISCO, SAM SNOWDEN, IGNATIUS CHINN, WILLIAM LOCKYER, BLAKE GRAHAM, LEE CAREAGA, JOHN MARSH, and KISU YO AND DOES 1 THROUGH 100,** | |
| Defendants. | Date:       January 17, 2008<br>Time:       8:00 a.m.<br>Courtroom:  9<br>Judge:      Honorable William H. Alsup |

21 | TO PLAINTIFF RICHARD E. WILMSHURST

22 | PLEASE TAKE NOTICE that on January 17, 2008, at 8:00 a.m., in the above-referenced

23 | Courtroom, defendant William Lockyer will move and hereby moves the court, as follows: For an

24 | order dismissing defendant from plaintiff's complaint in its entirety pursuant to Rule 12(b)(6) of the

25 | Federal Rules of Civil Procedure on the grounds that plaintiff's complaint does not allege facts

26 | sufficient to state a claim for violation of 42 U.S.C. section 1983.

27 | This motion shall be based upon this Notice, the Motion, the Memorandum of Points and

28 | Authorities filed herewith and upon all pleadings and documents on file herein.

Notice of Motion & Motion to Dismiss Defendant Lockyer; Memorandum of Ps & As; Proposed Order

1

## MOTION TO DISMISS

2   Defendant moves to dismiss plaintiff's complaint on the following grounds:

3   1.  Plaintiff's claims are barred by the applicable statute of limitations.

4   2.  Plaintiff cannot allege that defendant Attorney General William Lockyer personally

5   participated in or proximately caused the deprivation of plaintiff's federally protected civil rights.

6   3.  The complaint fails to state a claim against defendant upon which relief can be granted:

7       A.  The complaint does not comply with the most basic requirements of pleading.

8       B.  The complaint fails to state any recognizable claim against defendant.

9       C.  The complaint cannot be remedied, and should be dismissed without leave to amend.

10  4.  Plaintiff cannot prove the elements of each civil rights claim against the named defendant:

11      A.  Plaintiff's First Amendment claim is inviable as there are no allegations that plaintiff

12      was even engaged in the act of free speech at the time of incident.

13      B.  Any Fourth Amendment claim is barred by qualified immunity.

14      C.  Plaintiff's Fifth Amendment claim is rather curious as there do not appear to be any

15      Fifth Amendment rights at issue.

16      D.  Plaintiff's Fourteenth Amendment due process and equal protection claims are equally

17      flawed as they are better framed, if at all, under the parameters of a Fourth Amendment

18      claim.

19  This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the

20  grounds that plaintiff Richard E. Wilmshurst has failed to allege facts sufficient to state a claim for

21  violation of 42 U.S.C. section 1983.

22  WHEREFORE, defendant prays as follows:

23  1.  That the complaint and each claim for relief alleged herein be dismissed as against defendant

24  William Lockyer;

25  2.  That plaintiff be ordered to take nothing from moving defendant and;

26  3.  For such other relief as the court deems just.

27

28

1    Dated:  November 28, 2007

2                         Respectfully submitted,

3                         EDMUND G. BROWN JR.
                         Attorney General of the State of California

4                         PAUL T. HAMMERNESS
                         Supervising Deputy Attorney General

5

6

7                         BRADLEY SOLOMON
                         Deputy Attorney General

8                         Attorneys for Defendant William Lockyer

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Motion & Motion to Dismiss Defendant Lockyer; Memorandum of Ps & As; Proposed Order

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

**A.  Parties; Nature Of Action; Plaintiff's Claim**

This action stems from a June 29, 2005, incident that occurred at the yearly dinner of the Legal Community Against Violence at the Marriott Hotel on Fourth Street in San Francisco. (Complaint, p. 2.)

Plaintiff attended the dinner and was allegedly arrested by State law enforcement officials defendants Ignatius Chinn, Blake Graham, Lee Careaga, John Marsh and Kiso Yo.[1] (Complaint, p. 3.)

Defendant William Lockyer was the Attorney General of the State of California at the time of this incident.  He had no other involvement.  (Complaint, p. 3.)

Plaintiff has brought a claim for violation of 42 U.S.C. section 1983 claiming false arrest and excessive force.  (Complaint, p. 4.)

Plaintiff claims his federal civil rights were violated in violation of the First, Fourth, Fifth and Fourteenth Amendments.  (Complaint, p. 4.)

**B.  Grounds For Motion**

Plaintiff has not alleged facts sufficient to state a claim for violation of 42 U.S.C. section 1983.

1.  Plaintiff's claims are barred by the applicable statute of limitations.

2.  Plaintiff cannot allege that defendant Attorney General William Lockyer personally participated in or proximately caused the deprivation of plaintiff's federally protected civil rights.

3.  The complaint fails to state a claim against defendant upon which relief can be granted:

　A.  The complaint does not comply with the most basic requirements of pleading.

　B.  The complaint fails to state any recognizable claim against defendant.

　C.  The complaint cannot be remedied, and should be dismissed without leave to amend.

4.  Plaintiff's cannot prove the elements of each civil rights claim against the named defendant:

　A.  Plaintiff's First Amendment claim is inviable as there are no allegations that plaintiff

---

1.  As of the date of this Motion, none of these defendants has been served.

Notice of Motion & Motion to Dismiss Defendant Lockyer; Memorandum of Ps & As; Proposed Order

1   was even engaged in the act of free speech at the time of incident.

2       B. Any Fourth Amendment claim is barred by qualified immunity.

3       C. Plaintiff's Fifth Amendment claim is rather curious as there do not appear to be any

4       Fifth Amendment rights at issue.

5       D. Plaintiff's Fourteenth Amendment due process and equal protection claims are equally

6       flawed as they are better framed, if at all, under the parameters of a Fourth Amendment

7       claim.

8   **LEGAL STANDARD**

9       Defendants bring this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

10      A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure

11  section 12(b)(6) tests the legal sufficiency of the claims in the complaint, as well as reasonable

12  inferences to be drawn from them, and the court must construe the complaint in the light most

13  favorable to plaintiff. *N.L. Industries, Inc. v. Kaplan*, 792 F 2d 896, 898 (9th Cir. 1986); *Parks*

14  *School of Business, Inc. v. Symington*, 51 F. 3d 1480, 1484 (9th Cir. 1995). The court need not,

15  however, accept every allegation in the complaint as true; rather, the court will "examine whether

16  conclusory allegations follow from the description of the facts as alleged by the plaintiff." *Holden*

17  *v. Hagogian*, 978 F. 2d 1115, 1121 (9th Cir. 1992) (citations omitted). A complaint may be

18  dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient

19  facts under a cognizable legal theory. *Ballisteri v. Pacifica Police Dept.*, 901 F. 2d 696, 699 (9th Cir.

20  1988). A dismissal is inappropriate where "it appears beyond reasonable doubt that the plaintiff can

21  prove no set of facts which would entitle him to relief." *Conley v. Gibson*, 335 U.S. 41, 45-46, 2 L.

22  Ed. 2d 80, 78 S. Ct. 99 (1957); *accord Mescall v. Burrus*, 603 F. 2d 1266, 1269 (7th Cir. 1979).

23  **ARGUMENT**

24  **BRIEF STATEMENT OF FACTS**

25      While for purposes of this Motion we must accept all facts as truthfully pled, the paucity of

26  allegations within the complaint compels the moving party to provide some indisputable facts to

27  allow for a contextual understanding of the matter at hand.

28      Apparently, plaintiff Wilmshurst was federally convicted in 2005 of possessing illegal weapons.

1   As he attended the dinner at issue herein, a dinner attended by numerous leaders including Attorney

2   General Lockyer and Mayor Newsom, he was identified as being on probation and was hand

3   searched. After finding and confiscating a large knife, law enforcement allowed plaintiff to attend

4   the dinner.

5       Later that evening, plaintiff became upset when his room was searched and one or more

6   weapons was found. Plaintiff resisted as he was taken into custody for violation of his probation.

7   **Plaintiff filed this civil rights action on July 16, 2007, more than two-years after the June**

8   **29, 2005 incident date.**

9                                          **I.**

10      **PLAINTIFF'S CLAIMS ARE TIME BARRED BY THE APPLICABLE**
        **STATUTE OF LIMITATIONS.**

11

12      Where the facts and date alleged establish a statute of limitations defense, a motion to dismiss

13  pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper. *Jablon v. Dean Witter & Co.*, 614

14  F.2d 677 (9th Cir. 1980). The Ninth Circuit has repeatedly held that section 1983 actions in

15  California are governed by the personal injury limitations period. *Del Percio v. Thornsley*, 877 F.2d

16  785 (9th Cir. 1989); *Usher v. City of Los Angeles*, 828 F.2d 556 (9th Cir. 1987). Former California

17  Code of Civil Procedure section 340(3) provides a 1-year limitations period for filing personal injury

18  actions. Effective January 1, 2003, the statute of limitations for personal injury actions is 2 years.

19  (C.C.P. §335.1).

20      Plaintiff claims that on June 29, 2005, he was subject to an unlawful arrest and excessive force

21  by State defendants; although, as will be argued forthcoming, Attorney General Lockyer had no

22  involvement whatsoever in this matter. The Attorney General's Office has handled several suits

23  filed by Mr. Wilmshurst indicating his familiarity with statute of limitations claim filing

24  requirements. Plaintiff filed this complaint on July 16, 2007, more than two-years after the incident

25  date and well after the statute of limitations expired. Accordingly, plaintiff's claims are time barred

26  and should be dismissed.

27

28

1

## II.

2
3
4

**PLAINTIFF CANNOT ALLEGE THAT DEFENDANT ATTORNEY GENERAL LOCKYER PERSONALLY PARTICIPATED IN OR PROXIMATELY CAUSED THE DEPRIVATION OF PLAINTIFF'S FEDERALLY PROTECTED CIVIL RIGHTS.**

5      To impose liability on an individual defendant under Title 42, United States Code section 1983,

6   plaintiff must show either that the defendant personally participated in the deprivation of plaintiff's

7   federally protected civil rights or that he proximately caused the deprivation. (*Harris v. City of*

8   *Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).)

9      Plaintiff has failed to allege even one fact which indicates even remote involvement by Attorney

10   General Lockyer. In fact, plaintiff has simply named the state's leading law enforcement official in

11   a frivolous attempt to widen the scope of his lawsuit. Clearly, Attorney General Lockyer had no

12   effect whatsoever on plaintiff's civil rights and is not a proper party to this suit. He should be

13   dismissed.

14

## III.

15
16

**THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT LOCKYER UPON WHICH RELIEF CAN BE GRANTED.**

17   **A.    The Complaint Does Not Comply With The Most Basic Requirements Of Pleading.**

18      The fundamental requirements of pleading in the federal courts are set in Rule 8 of the Federal

19   Rules of Civil Procedure (Rule 8), which provides in part that: "A pleading which sets forth a claim

20   for relief...shall contain...a short and plain statement of the claim showing that the pleader is entitled

21   to relief...." (Fed. Rules Civ. Proc., Rule 8 (a).) [2] "[A]ll that the Rules require is a 'short and plain

22   statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the

23   grounds upon which it rests."

24   (*Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Bodine Produce, Inc. v. United Farm Workers*

25   *Organizing Comm.*, 494 F.2d 541, 556 (9th Cir. 1974).) However, "'[i]t is not enough to indicate

26
27

---

28      2.  Rule 8 also provides that "[e]ach averment of a pleading shall be simple, concise and direct." (Fed. Rules Civ. Proc., Rule 8(e)(1).)

1  merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and

2  the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some

3  legal basis for recovery.'" (*Davis v. Passman*, 442 U.S. 228, 237-238, n.15 (1979) (citation

4  omitted).) That is, a pleading must give fair notice and state the elements of the claim plainly and

5  succinctly. (*Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).) A

6  complaint that fails to comply with the requirements of Rule 8 may be dismissed with prejudice.

7  (*Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981); *Washington v. Baenziger*,

8  656 F. Supp. 1176, 1177 (N.D. Cal. 1987).)

9      Plaintiff's complaint does not satisfy even these most fundamental requirements. There are a

10  bare minimum of allegations and none of them appear to pertain in any way to defendant Lockyer.

11  The complaint, therefore, not only fails to give defendant fair notice of plaintiff's claim, but also

12  lacks any facts supporting a legal basis for recovery against defendant Lockyer.

13  **B.   The Complaint Fails To State Any Recognizable Claim Against Defendant Lockyer.**

14      Pursuant to Rule 12 of the Federal Rules of Civil Procedure (Rule 12), a complaint will be

15  dismissed for "failure to state a claim upon which relief can be granted..." Fed. Rules Civ. Proc.,

16  Rule 12 (b) (6). "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack

17  of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." (*Robertson v.

18  Dean Whitter Reynolds, Inc.*, 749 F. 2d 530, 533-534 (9th Cir. 1984); *accord, Balistreri v. Pacifica

19  Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).) Admittedly, a pro se complaint will be held to a less

20  stringent standard than pleadings drafted by lawyers. (*Jones*, 733 F.2d at 649.) Yet, a pro se

21  complaint will be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in

22  support of his or her claim which would entitle the plaintiff to judgment. (*Pena v. Gardner*, 976 F.2d

23  469, 471 (9th Cir. 1992).) "However, `a liberal interpretation of a pro se civil rights complaint may

24  not supply essential elements of the claim that were not initially pled.'" (*Id.* at 471; *Ivey v. Board of

25  Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).) Thus, a complaint that is vague,

26  conclusionary, and general, and does not set forth any material facts in support of its allegations, is

27  property dismissed. (*See*, e.g., *North Star Intern v. Arizona Corporation Comm.*, 720 F.2d 578, 583

28  (9th Cir. 1983); *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369 (9th Cir. 1986), overruled on

1 | other grounds in *City of Canton v. Harris*, 489 U.S. 378 (1984).)

2 | It is impossible to determine either the legal claims upon which recovery is sought or any

3 | factual basis for a claim against defendant Lockyer. As this is indeed a 1983 cause of action, as

4 | discussed below, the Attorney General, in a professional capacity, is not a proper party. The

5 | complaint fails to meet even the most basic requirement of alleging a recognizable claim. Clearly,

6 | it is inherently flawed and beyond repair by any means of amendment.

7 | It is a fundamental requirement of pleading practice that the plaintiff must make specific

8 | allegations of wrongdoing against each defendant. "A complaint must set forth the specific facts

9 | upon which plaintiff relies in claiming the liability of each defendant." *Ryncarz v. Eikenberry*, 824

10 | F.Supp. 1493, 1503 (E.D. Wash 1993) (emphasis supplied).

11 | This pleading standard is of particular importance in civil rights cases like this one given that

12 | there is no respondeat superior or vicarious liability under the Civil Rights Act. *Monell v.*

13 | *Department of Social Services,* 436 U.S. 658, 692 (1978) (Congress did not intend to impose section

14 | 1983 liability on a person who does not "cause" or "participate in" a civil rights violation); *Palmer*

15 | *v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). A person deprives another of a constitutional

16 | right under section 1983 only if he "does an affirmative act, participates in another's affirmative

17 | acts", or fails to perform a legally required duty which "causes the deprivation of which [the plaintiff

18 | complains]". *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis in original).

19 | Consistent with this specific pleading requirement, the court in *Pena v. Gardner*, 976 F.2d 469,

20 | 471 (9th Cir. 1992), held that a prison inmate whose complaint presented only "generalized and vague

21 | allegations" that he was subjected to a digital rectal search without probable cause had failed to state

22 | a section 1983 claim". Vague and conclusory allegations of official participation in civil rights

23 | violations are not sufficient to withstand a motion to dismiss". *Ibid.*, quoting *Ivey v. Board of*

24 | *Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982). [The Court of Appeals upheld the

25 | district court's dismissal of the pro per plaintiff's complaint in *Pena* notwithstanding the rule of

26 | liberal construction which is applicable to a pro se section 1983 complaint. See *Estelle v. Gamble*,

27 | 429 U.S. 97, 106 (1976); *Pena v. Gardner*, 976 F.2d at 471]

28 | In the instant case, plaintiff has failed to meet this specificity requirement in his complaint in

Notice of Motion & Motion to Dismiss Defendant Lockyer; Memorandum of Ps & As; Proposed Order

1  at least two respects. In the first place, his 1983 cause of action contains only the vaguest and most
2  general allegations of wrongdoing by any of the defendants.

3      Moreover, plaintiff's complaint fails to allege which defendants committed the particular
4  affirmative acts which deprived him of specific constitutional rights. Instead, he simply makes
5  generalized allegations that defendants were collectively somehow responsible for each violation of
6  his rights. The courts have been very critical of this kind of lazy, unspecific pleading of "collective
7  guilt" in civil rights cases. See, e.g., *Caldwell v. City of Elwood*, 959 F.2d 670, 672 (7th Cir. 1992);
8  *Ryncarz v. Eikenberry*, 824 F.Supp. at 1503; *Shirey v. Bensalem Township*, 501 F.Supp. 1138, 1143
9  (E.D. Pa. 1980), appeal dismissed, 663 F.2d 472 (3d Cir. 1981) (complaint failed to identify specific
10 acts of specific defendants, simply lumping them all together, and was thus devoid of any allegations
11 that would put individual defendants on notice of their alleged wrongdoing).

12     By failing to make specific factual allegations of wrongdoing against each defendant in this
13 action, plaintiff's complaint fails to state a cognizable section 1983 claim against the defendants for
14 "causing" or "participating in" the deprivation of his civil rights, as required in this circuit. See *Leer*
15 *v. Murphy*, 844 F.2d at 633. The complaint, therefore, cannot withstand a motion to dismiss. See *Ivey*
16 *v. Board of Regents*, 673 F.2d at 268.

17 **C.  The Complaint Cannot Be Remedied, And Should Be Dismissed Without Leave To Amend.**
18

19     As a general rule, a pro se litigant cannot be denied leave to amend his or her complaint unless
20 it is clear that the deficiencies of the complaint cannot be cured by amendment. (*Karim-Panahi v.*
21 *Los Angeles Police Dept.*, 839 F. 2d 621, 623 (9th Cir. 1988).) "At the same time, futile amendments
22 should not be permitted." (*Klamath Lake Pharmacy v. Klamath Medical Service Bureau*, 701 F.2d
23 1276, 1293 (9th Cir. 1983), cert. denied, 464 U.S. 822 (1983), citing *Foman v. Davis*, 371 U.S. 178,
24 182 (1962).) *Accord, Jones*, 733 F.2d at 650. Thus, the dismissal of severely deficient complaints
25 without first permitting amendment has been upheld. (*See*, e.g., *Jones*, 733 F.2d at 650-651; *White*
26 *v. United States*, 588 F.2d 650 (8th Cir. 1978).)

27     It is clear that the complaint cannot and will not be remedied by amendment. Attorney General
28 Lockyer had absolutely no involvement in this matter. The complaint is utterly frivolous, but will

1  nonetheless require the taxpayers of the State of California to incur significant expense if the action

2  is allowed to proceed. The complaint should be dismissed without leave to amend as to defendant

3  Lockyer.

4                                                    **IV.**

5        **PLAINTIFF CANNOT PROVE THE ELEMENTS OF EACH CIVIL
         RIGHTS CLAIM AGAINST THE NAMED DEFENDANT.**

6

7        The federal Civil Rights Act provides a civil remedy against a person who, under color of state

8  law, deprives another of federal rights cognizable under 42 U.S.C. § 1983. To prevail on a § 1983

9  claim, the plaintiff must prove that each defendant, acting under color of state law, committed an act

10 that deprived him of some right, privilege, or immunity protected by the U.S. Constitution of the

11 laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). Section 1983 "is

12 not itself a source of substantive rights" but merely provides "a method for vindicating federal rights

13 elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979).

14       There is no respondeat superior or vicarious liability under § 1983. *Monell v. Department of*

15 *Social Services*, 436 U.S. 658, 692 (1978); *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir.

16 1993). A person deprives another of a constitutional right under § 1983 only if he "does an

17 affirmative act, participates in another's affirmative acts", or fails to perform a legally required duty

18 which "causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d at 633

19 (emphasis in original).

20            "The inquiry into causation must be individualized and focus on the duties and
              responsibilities of each individual defendant whose acts or omissions are
21            alleged to have caused a constitutional deprivation."

22 (*Ibid.* (emphasis added).)

23 **A.    Plaintiff's First Amendment Claim Is Inviable As There Are No Allegations That Plaintiff
         Was Even Engaged In The Act Of Free Speech At The Time Of Incident.**

24

25       Under the First Amendment, a citizen has the right to free expression. In order to prove that a

26 defendant deprived a plaintiff of his First Amendment right, the plaintiff must prove the following

27 additional elements by a preponderance of the evidence:

28 1. the plaintiff engaged in [speech] [other specified conduct] protected under the First Amendment;

Notice of Motion & Motion to Dismiss Defendant Lockyer; Memorandum of Ps & As; Proposed Order

1  2. the defendant took action against the plaintiff; and

2  3. the plaintiff's protected [speech] [conduct] [chilling the plaintiff's protected speech] was a

3  substantial or motivating factor for the defendant's action. (*Ninth Circuit Model Civil Jury*

4  *Instructions; 9.10 Particular Rights-First Amendment- "Citizen Plaintiff")*

5      Under the First Amendment to the United States Constitution, a citizen has the right to be free

6  from governmental action taken to retaliate against the citizen's exercise of First Amendment rights

7  or to deter the citizen from exercising those rights in the future. *Sloman v. Tadlock*, 21 F.3d 1462,

8  1469-70 (9th Cir. 1994). "Although officials may constitutionally impose time, place, and manner

9  restrictions on political expression carried out on sidewalks and median strips, they may not

10  'discriminate in the regulation of expression on the basis of content of that expression.'...'State

11  action designed to retaliate against and chill political expression strikes at the very heart of the First

12  Amendment.'" *Id.* (citations omitted).

13      Thus, in order to demonstrate a First Amendment violation, a citizen plaintiff must provide

14  evidence showing that "by his actions [the defendant] deterred or chilled [the plaintiff's] political

15  speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct." *Id.*

16  (quoting *Mendocino Env'l Ctr. v. Mendocino County*, 14 F.3d 457, 459-60 (9th Cir. 1994). A plaintiff

17  need not prove, however, that "his speech was actually inhibited or suppressed." *Mendocino Env'l*

18  *Center v. Mendocino County*, 192 F.3d 1283, 1288 (9th Cir. 1999). See also *Awabdy v. City of*

19  *Adelanto*, 368 F.3d 1062, 1071 (9th Cir. 2004).

20      In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing

21  that "by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such

22  deterrence was a substantial or motivating factor in [the defendant's] conduct." *Sloman v. Tadlock*,

23  21 F.3d 1462, 1469 (9th Cir. 1994) (citing Mendocino Env'l Ctr., 14 F.3d at 464). [**45] While this

24  statement might be read to suggest that a plaintiff must demonstrate that his speech was actually

25  inhibited or suppressed, our description of the elements of a First Amendment claim in *Mendocino*,

26  which *Sloman* cited for its standard, requires only a demonstration that defendants "intended to

27  interfere with Bari and Cherney's First Amendment rights." *Mendocino Env'l Ctr.*, 14 F.3d at 464

28  (emphasis added). Because it would be unjust to allow a defendant to escape liability for a First

1  Amendment violation merely because an unusually determined plaintiff persists in his protected

2  activity, we conclude  that the proper inquiry asks "whether an official's acts would chill or silence

3  a person of ordinary firmness from future First Amendment activities." *Crawford-El v. Britton*, 320

4  U.S. App. D.C. 150, 93 F.3d 813, 826 (D.C. Cir. 1996), vacated on other grounds, 523 U.S. 1273

5  (1997) (internal quotation marks and citation omitted). n32

6      Most importantly, Attorney General Lockyer was not even involved in the incident. Next,

7  plaintiff does not allege he was precluded from attending the dinner. By all appearance, there could

8  not have been a First Amendment violation as no First Amendment rights were even at issue.

9  **B.   Plaintiff's Fourth Amendment Claim Is Barred By Qualified Immunity.**

10      The allegations fail to establish plaintiff's section 1983 claim that his arrest violated his Fourth

11  Amendment rights.  Even if probable cause for the arrest was found to be lacking, the defendants

12  would be protected from section 1983 liability by qualified immunity.

13      While all this is rather moot considering Lockyer's lack of involvement, we examine the issue

14  in light of the other named State defendants.   State officials who carry out executive and

15  administrative functions, including police officers, may assert the defense of qualified immunity

16  when they are sued under section 1983.   The qualified immunity doctrine protects government

17  officials from civil liability under section 1983 "insofar as their conduct does not violate clearly

18  established statutory or constitutional rights of which a reasonable person would have known."

19  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The plaintiff shoulders the burden of proving that

20  the rights he claims are "clearly established."  *Brewster v. Board of Educ. of Lynwood U. School

21  Dist.*, 149 F.3d 971, 977 (9th Cir. 1998).

22      The Supreme Court has made clear that the protection provided by the qualified immunity is

23  far-reaching.  *Ibid.*  Qualified immunity protects "all but the plainly incompetent or those who

24  knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  This test "allows ample

25  room for reasonable error" by the defendant. *Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th

26  Cir. 1997).  Thus, for example, law enforcement officers who "reasonably but mistakenly conclude

27  that probable cause is present"  when undertaking an arrest or search are entitled to the immunity.

28  *Anderson v. Creighton*, 483 U.S. 635, 641 (1986).

1    In determining whether public officials are entitled to qualified immunity from liability under

2    section 1983, a district court must consider (1) whether the plaintiff has identified a specific

3    constitutional right that has been allegedly violated, (2) whether that right was so clearly established

4    as to alert a reasonable official to its parameters, and (3) whether a reasonable officer could have

5    believed his or her conduct was lawful. *Sweaney v. Ada County*, 119 F.3d 1385, 1388 (9th Cir.

6    1997).

7    In order for a right to be "clearly established" within the meaning of *Harlow*, "[t]he contours

8    of the right must be sufficiently clear that a reasonable official would understand that what he is

9    doing violates that right." *Anderson v. Creighton*, 483 U.S. at 640. "In other words, before being

10   charged with monetary liability, public officials must be given clear notice that their conduct is

11   unlawful." *Brewster v. Board*, 149 F.3d at 977. In evaluating claims of qualified immunity, the

12   courts must not view constitutional rights in the abstract but rather "in a more particularized, and

13   hence more relevant, sense." *Ibid.*, quoting *Anderson v. Creighton*, 483 U.S. at 640.

14   Although defendant asserts the evidence clearly demonstrates that all of the law enforcement

15   actions in this case were supported by probable cause, if the Court should find otherwise that finding

16   would not give rise to section 1983 liability. The defendants plainly did what competent, well-

17   trained, reasonable law enforcement officials would have done under the same circumstances. In

18   the face of plaintiff's recent felony conviction for weapons possession, and his possession of

19   weapons at a significant civic event, law enforcement performed their inescapable duties by

20   enforcing the laws of this state.

21   Defendant's conduct was, in all respects, reasonable and therefore not culpable under the law

22   applicable to section 1983 claims of Fourth Amendment violations. Defendant is therefore entitled

23   to qualified immunity.

24   **C.   Plaintiff's Fifth Amendment Claim Is Rather Curious As There Do Not Appear To Be
          Any Fifth Amendment Rights At Issue.**

25

26   Inverse condemnation is actionable under 42 U.S.C. section 1983 as a violation of the Fifth

27   Amendment's guaranty that private property shall not be taken for public use without just

28   compensation. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency* (1979) 4440 US 391,

1   399, 59 L Ed 29 401, 409, 99 S Ct. 1171.

2      Recovery under section 1983 is available if a plaintiff's right against self-incrimination under

3   the Fifth Amendment is violated. *Chavez v. Martinez* (2003) 538 US 760, 155 L Ed 2d 984, 123 S

4   Ct. 1994.

5      In the case at hand, a Fifth Amendment claim appears fatally flawed as both woefully and

6   obviously premature, suffering from problems as to both standing and context. What exactly would

7   be plaintiff's Fifth Amendment claim based on the facts as pled? Dismissal of this claim seems

8   appropriate.

9   **D.   Plaintiff's Fourteenth Amendment Claims Are Improper And Inviable.**

10     Plaintiff's claim of a Fourteenth Amendment violation based on his alleged unlawful arrest

11  must be dismissed. It is the Fourth Amendment to the United States Constitution that specifically

12  protects a party from the alleged wrongs in effectuating searches and arrests warrants. In *Albright*

13  *v. Oliver*, 510 U.S. 266, 114 S.Ct. 807 (1994), the Supreme Court held that:

14     "Where a particular Amendment 'provides an explicit textual source of
       constitutional protection' against a particular sort of government behavior, 'that
15     Amendment, not the more generalized notion of 'substantive due process', must
       be the guide for analyzing these claims.'" (*Albright, supra,* 510 U.S. at 273;
16     114 S.Ct. at 813, citing *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865,
       1871 (1989).)

17

18  For claims asserting that law enforcement officers have engaged in wrongful conduct in the course

19  of an investigatory stop, arrest or seizure of a citizen, the proper analysis is under the Fourth

20  Amendment. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct.1865, 1871 (1989). Accordingly,

21  plaintiff's contention of a Fourteenth Amendment violation must be dismissed as to defendant

22  Lockyer as plaintiff's rights at issue in this lawsuit are more specifically addressed under the Fourth

23  Amendment.

24     If  one analyzes this matter from a Fourteenth Amendment perspective, the elements of a

25  violation are still not present.

26     Plaintiff's Fourteenth Amendment due process claim is flawed as the facts, as pled, show

27  plaintiff has made no allegations that his due process rights have been violated.

28     The due process clause of the Fourteenth Amendment prohibiting a state from depriving a

Notice of Motion & Motion to Dismiss Defendant Lockyer; Memorandum of Ps & As; Proposed Order

1  person of life, liberty, or property without due process of law "was intended to prevent government

2  from abusing [its] power, or employing it as an instrument of oppression." *DeShaney v. Winnebago*

3  *County Dep't of Social Servs.*, 489 U.S. 189, 196 (1989). Substantive due process claims usually

4  involve infringement of liberty interests. See *Youngberg v. Romeo*, 457 U.S. 307 (1982) – state

5  under duty to protect involuntarily committed mental patients from each other.

6      Violations of procedural due process are also actionable under section 1983. A plaintiff must

7  allege facts which show that a defendant has deprived him of a right, privilege or immunity secured

8  by the Constitution and laws of the United States. "Conclusionary allegations, unsupported by facts,

9  will be rejected as insufficient to state a claim under the Civil Rights Act. [Citations omitted]."

10 *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

11     Plaintiff has made no allegations that his substantive due process rights were violated. As a

12 parolee, he was subject to search and arrest for unlawful possession of weapons.

13     The United States Supreme Court has cautioned:

14     "It must be remembered that even if a state decision does deprive an individual
       of life or property, and even if that decision is erroneous, it does not necessarily
15     follow that the decision violated that individual's right to due process"
       *Martinez v. California*, 444 U.S. 277, 284 fn. 9 (1980)."
16

17     In truth, there are no specific allegations of due process violations within plaintiff's complaint.

18     If one treats plaintiff's Fourteenth Amendment allegation as an equal protection claim, plaintiff

19 fails to allege any disparate treatment, much less that it was motivated by a discriminatory motive.

20     The essence of an equal protection claim based on invidious discrimination is that the action

21 was taken with a discriminatory intent or purpose. *Arlington Heights v. Metropolitan Housing*

22 *Corp.*, 429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Washington v. Davis*, 426 U.S. 229,

23 238-39, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). Whether the action taken was taken with a

24 discriminatory purpose "demands a sensitive inquiry into such circumstantial and direct evidence

25 of intent as may be available". *Arlington Heights v. Metropolitan Housing Corp.*, 429 U.S. at 266,

26 97 S.Ct. 555, 50 L.Ed.2d 450. The impact of the action taken is not alone determinative of

27 discriminatory purpose. *Arlington Heights,* 429 U.S. at 266, 97 S.Ct. 555, 50 L.Ed.2d 450. Even

28 when that disparate impact is foreseeable, the plaintiff must show more to establish discriminatory

Notice of Motion & Motion to Dismiss Defendant Lockyer; Memorandum of Ps & As; Proposed Order

1   intent. *Personnel Administration of Massachusetts v. Feeny*, 442 U.S. 256, 276, 99 S.Ct. 2282, 60

2   L.Ed2d 870 (1979); *David K. v. Lane*, 839 F.2d 1265, 1271 (7th Cir. 1988). Intent, in the context of

3   invidious discrimination, is more than an administrator's awareness of the consequences of his

4   actions; an administrator must have "singled out a particular group for disparate treatment and

5   selected his course of action at least in part for the purpose of causing it adverse effects on an

6   identifiable group." Emphasis added. *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

7        The Supreme Court has offered four circumstantial evidentiary sources of evidence of intent:

8   the historical background of the decision; the specific sequence of events leading to the challenged

9   decision, particularly departures from the normal procedural sequence; and substantive departures

10  from the norm. Finally, the history of the action taken may shed light on the motive behind it.

11  *Arlington Heights*, 429 U.S. at 267-68, 97 S.Ct. 555, 50 L.Ed.2d 450.

12       It is not enough, however, for the plaintiff to show that a particular action or decision was

13  motivated in part by a discriminatory motive. Such a showing merely shifts the burden to the

14  defendant to show the same decision would have been reached absent the discriminatory motive.

15  *Arlington Heights*, 429 U.S. at 270, fn. 21, 97 S.Ct. 555, 50 L.Ed.2d 450; *Knop v. Johnson*, 667

16  F.Supp. 467, 501 (W.D. Mich. 1987).

17       Plaintiff's equal protection claim alleges no more than that he is denied equal protection. He

18  does not allege that there is any disparate treatment, much less that it was motivated by a

19  discriminatory motive.

20       Plaintiff has not alleged there was any drawing of any suspect classification or that such

21  classifications interfered with any fundamental rights or that there were any classifications at all.

22  Equal protection deals with "classifications" and legislative line drawings. *Rotunda, et al., Treatise*

23  *on Constitution Law* (1986) 317.

24       Plaintiff has failed to make any allegation of defendant acting with a discriminatory intent.

25  Plaintiff's allegations in no way rise to the level of an equal protection claim.

26

27

28

1

**CONCLUSION**

2     Plaintiff's complaint is barred by the statute of limitations.  Additionally, Attorney General

3   Lockyer had no involvement in this matter.  While the rest of defendant's arguments are equally

4   pertinent, the case ends with the first two.  Plaintiff's complaint should be subject to immediate

5   dismissal.

6     Dated:  November 28, 2007

7                               Respectfully submitted,

8                               EDMUND G. BROWN JR.
                                Attorney General of the State of California

9                               PAUL T. HAMMERNESS
                                Supervising Deputy Attorney General
10

11

12                              BRADLEY SOLOMON
                                Deputy Attorney General
13
                                Attorneys for Defendant William Lockyer
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28