1  GAYLYNN KIRN CONANT, State Bar No. 161247
   gkc@llcllp.com
2  LOMBARDI, LOPER & CONANT, LLP
   Lake Merritt Plaza
3  1999 Harrison Street, Suite 2600
   Oakland, CA 94612-3541
4  Telephone:    (510) 433-2600
   Facsimile:    (510) 433-2699
5

6  Attorneys for Defendants
   MARRIOTT INTERNATIONAL, INC.
   (Erroneously sued herein as Marriott of San
7  Francisco) and SAM SNOWDEN

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11
   RICHARD E. WILMSHURST,                    Case No. C-07-03790 WHA
12
              Plaintiff,                     MEMORANDUM OF POINTS AND
13                                           AUTHORITIES IN SUPPORT OF
   v.                                        MARRIOTT INTERNATIONAL, INC.'S
14                                           AND SAM SNOWDEN'S MOTION TO
   MARRIOTT OF SAN FRANCISCO, SAM            DISMISS PURSUANT TO FRCP 12(b)(5)
15 SNOWDEN, IGNATIUS CHINN,                  AND 12(b)(6)]
   WILLIAM LOCKYER, BLAKE
16 GRAHAM, LEE CAREAGA, JOHN
   MARSH, and KISU YO AND DOES 1             Date:       January 17, 2008
17 through 100,                              Time:       8:00 a.m.
                                             Courtroom: 9
18            Defendants.                    Judge:      Hon. William H. Alsup

19

20

21

22

23

24

25

26

27

28

03553-37448 GKC 546316.1

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1

## TABLE OF CONTENTS

2

Page

3   I.     INTRODUCTION/ALLEGATIONS OF COMPLAINT ..................................................... 1

4   II.    SUMMARY OF ARGUMENTS .................................................................................. 1

    III.   AUTHORITY FOR MOTION ..................................................................................... 2

5          A.     THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP

6                 4(m) AND FRCP 12(b)(5) FOR PLAINTIFF'S FAILURE TO SERVE
                  THE COMPLAINT WITHIN 120 DAYS OF FILING ........................................ 2

7          B.     THE COMPLAINT IS  BARRED BY THE APPLICABLE STATUTE OF
                  LIMITATIONS ................................................................................................ 4

8          C.     ALTERNATIVELY, THE COMPLAINT SHOULD BE DISMISSED
                  FOR PLAINTIFF'S FAILURE TO ALLEGE SUFFICIENT FACTS TO

9                 STATE A VIABLE CLAIM AGAINST DEFENDANTS MARRIOTT
                  AND SNOW ................................................................................................... 5

10                1.     §1983 Claim…………………………………………………………………….5

11                2.     Conspiracy and "Failure to protect from false arrest claim"……………...5

12   IV.    CONCLUSION ....................................................................................................... 8

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

1

**TABLE OF AUTHORITIES**

**Page**

2

3    **Federal Cases**

4

*Arnold v. IBM Corp.*
5         637 F.2d 1350 (9th Cir.1981)........................................................................ 6

6    *Balistreri v. Pacifica Police Department*
        901 F.2d 696 (9th Cir. 1990)......................................................................... 2

7
     *Burton v. Wilmington Parking Auth.*
8         365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961) ........................................ 5

9    *Chapman v. Houston Welfare Rights Org.*
        441 US 600 (1979)......................................................................................... 5

10
     *Daniels v. Williams*
11        474 U.S. 327 (1986) ...................................................................................... 7

12   *DiCesare v. Stuart*
        12 F.3d 973 (10th Cir. 1993).......................................................................... 3

13
     *Echevarria v. Department of Correctional Services of New York City*
14        (SD NY 1999) 36 F.Supp.2d 106 .................................................................. 3

15   *Franklin v. Fox*
        312 F.3d 423 (2002)....................................................................................... 8

16
     *Gallagher v. Neil Young Freedom Concert*
17        49 F.3d 1442 (10th Cir.1995)......................................................................... 7

18   *Hammad v. Tate Access Floors, Inc.*
        *(D MD 1999)* 31 F.Supp.2d 524, 528 ............................................................ 3

19
     *Howerton v. Gabica*
20        708 F.2d 380 (9th Cir.1983)........................................................................... 6

21   *Jablon v. Dean Witter & Co.*
        614 F.2d 677 (9th Cir. 1980).......................................................................... 4

22
     *King v. Massarweh*
23        782 F.2d 825 (9th Cir.1986)........................................................................... 6

24   *Leeds v. Meltz*
        85 F.3d 51 (2d Cir. 1993)............................................................................... 2

25   *McNeil v. United States*
        508 U.S. 106, 113 S.Ct. 1980 (1993) ............................................................ 3

26
     *Pena v. Gardner*
27        976 F.2d 469 (9th Cir. 1992).......................................................................... 7

28

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

MEMO OF P&As IN SUPPORT OF MOTION
                                    TO DISMISS C-07-03790 WHA

1

2

*Pennhurst State School and Hospital v. Halderman*
  451 US 1 (1981) ................................................................................................ 5

*Pomerantz v. County of Los Angeles*
  674 F.2d 1288 (9th Cir.  1982) ........................................................................ 6

*Sykes v. State of California*
  497 F.2d 197 (9th Cir. 1974) ....................................................................... 6, 8

*Thompson v. City of Shasta Lake*
  314 F.Supp.2d 1017 (E.D. Cal. 2004) .............................................................. 4

Tuke v. United States
  76 F.3d 155 (7th Cir. 1996) ............................................................................. 4

*Wallace v. Kato*
  127 S.Ct. 1091 (2007) ..................................................................................... 4

**State Cases**

*Rita M. v. Roman Catholic Archbishop*
  (1986) 187 Cal.App.3d 1453 ............................................................................ 4

**Federal Statutes**

42 U.S.C. §1983 ..................................................................................... 1, 2, 5, 7

**Federal Rules**

F.R.C.P. 4(m) ....................................................................................... 3, 4, 8
F.R.C.P. 12(b)(5) .................................................................................... 2, 3, 4
F.R.C.P. 12(b)(6) .................................................................................... 2, 4, 8

**State Rules**

California Code of Civil Procedure §335.1 ...................................................... 2, 4

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

MEMO OF P&As IN SUPPORT OF MOTION
TO DISMISS C-07-03790 WHA

## I. INTRODUCTION/ALLEGATIONS OF COMPLAINT

This "civil rights" action has been brought by Richard E. Wilmshurst against several state law enforcement officers and officials as well as Marriott International, Inc (erroneously sued as Marriott of San Francisco) and Marriott employee Sam Snowden. Mr. Wilmshurst claims that while attending a Legal Community Against Violence dinner at the Marriott Hotel on June 29, 2005, he was first detained by law enforcement officer Ignatius Chinn. [Complaint, 2:25-28, 3:4-7]. According to Mr. Wilmshurst, he was released and attended the dinner. After the dinner, Mr. Wilmshurst was returning to his hotel room and was allegedly "attacked" by Mr. Chinn, Blake Graham, Lee Careaga, John Marsh and Kisu Yo (all of whom are alleged to be employees of the State of California). [Complaint, 3:8-15]. The Complaint further states that "with Sam Snowden in attendance" the state employees knocked plaintiff to the ground, arrested him and eventually Mr. Wilmshurst was cited by Mr. Chinn for resisting arrest. [Complaint, 3:11-15].

Plaintiff claims that the foregoing events resulted in a deprivation of his 1st, 4th, 5th and 14th amendments alleging a cause of action for a violation of Title 42 U.S.C. §1983 (1st Cause of Action). In addition, Mr. Wilmshurst claims that "employees of the San Francisco Marriott conspired with" the state parties to violate his civil rights in violation of §1983 (2nd Cause of Action). Finally, Plaintiff claims, in conclusory fashion, that Marriott "allowed Richard to be falsely arrested and participated in the arrest" (3rd Cause of Action).

The instant Complaint was filed on July 16, 2007. [See Complaint and Civil Docket for Case #3:07-cv-03790-WHA]. The 120 days to serve the Complaint on defendants expired on November 13, 2007. Summons was not issued until October 24, 2007. [See Civil Docket for Case #3:07-cv-03790-WHA]. Sam Snowden was not served until November 20, 2007 [See Court Docket and Conant Declaration] and Marriott International, Inc. has not been served with anything but Plaintiff's Case Management Conference. [See Conant Declaration].

## II. SUMMARY OF ARGUMENTS

For each of the foregoing reasons, Mr. Wilmshurst's Complaint against Marriott and Mr. Snowden is subject to dismissal:

- The Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Procedure 4(m) and 12(b)(5) as Plaintiff failed to timely serve Marriott and Mr. Snowden within 120 days of the filing of the Complaint;

- The 1st Cause of Action for violation of 42 U.S.C. §1983 is barred by the applicable two year statute of limitations;

- The 1st Cause of Action for violation of 42 U.S.C. §1983 is barred as Plaintiff has failed to state fact sufficient to constitute a cause of action against Marriott or Mr. Snowden;

- The 2nd Cause of Action for Conspiracy is barred by the applicable two year statute of limitations set forth in California Code of Civil Procedure §335.1;

- The 2nd Cause of Action for Conspiracy is barred as Plaintiff has failed to state fact sufficient to constitute a cause of action against Marriott or Mr. Snowden;

- The 3rd Cause of Action for "allowing Richard to be falsely arrested and participated in the arrest" is barred by the applicable two year statute of limitations set forth in §335.1;

- The 3rd Cause of Action for "allowing Richard to be falsely arrested and participated in the arrest" is barred as Plaintiff has failed to state fact sufficient to constitute a cause of action against Marriott or Mr. Snowden.

## III.  **AUTHORITY FOR MOTION**

F.R.C.P. 12(b)(6) provides that a defendant may make a motion to dismiss for "failure to state a claim upon which relief can be granted."  When ruling upon a motion to dismiss under FRCP 12(b)(6) the Court is only required to accept as true well-pleaded allegations.  It is not required to accept conclusions of law. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1993) ["While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice."].  A dismissal of a claim pursuant to Rule 12(b)(6) is proper where there is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

### A.  **THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 4(m) AND FRCP 12(b)(5) FOR PLAINTIFF'S FAILURE TO SERVE THE COMPLAINT WITHIN 120 DAYS OF FILING**

Despite being advised by the Court, in writing, that the matter would be subject to dismissal if the Complaint was not served by November 13, 2007 (See, Court Order Denying

Plaintiff's Second Motion Continuing Case Management Conference and Deadlines), Plaintiff failed to properly affect timely service on defendant Sam Snowden or defendant Marriott.[1] As over one hundred twenty days elapsed since the filing of the complaint on July 16, 2007, and no good cause can be shown for the delay, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Thus, Defendants Sam Snowden and Marriott International, Inc.(erroneously sued as Marriott of San Francisco) bring this Federal Rule of Civil Procedure 12(b)(5) motion to dismiss the action.

Federal Rule of Civil Procedure 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. (emphasis added).

The "good cause" requirement applies to pro se plaintiffs as well as represented plaintiffs. Simply representing one's self and asserting "ignorance of the law" does not excuse the failure to timely serve summons and complaint. *Hammad v. Tate Access Floors, Inc.* (D MD 1999) 31 F.Supp.2d 524, 528; *Echevarria v. Department of Correctional Services of New York City* (SD NY 1999) 36 F.Supp.2d 106, 1073. As the U.S. Supreme Court has stated, "We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel" *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980 (1993); See also *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) ("A pro se litigant is still obligated to follow the requirements of FED.R.CIV.P. 4") (emphasis in original). While the Court may take Mr. Wilmshurst's pro se status into account in exercising its discretion in determining whether good cause has been established, the Court should not find that the plaintiff's pro se status automatically entitles him to a finding of good cause. *Veal v. United*

---

[1] Mr. Snowden was personally served with Summons and Complaint on November 20, 2007 (See docket entry dated November 20, 2007); Marriott has not been properly served with Summons and Complaint.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1   *States*, 2002 U.S. Dist. LEXIS 16040 (3d Cir. Del., 2002).  Likewise, failure to read the rules

2   governing service of process has been found to be the "antithesis of good cause" for a failure to

3   serve a defendant. *Tuke v. United States,* 76 F.3d 155, 156 (7th Cir. 1996) .

4       Plaintiff has been a pro per litigant in several federal lawsuits according to a review of the

5   PACER index.  There can be no justification for his failure to comply with the Federal rules of

6   Civil Procedure.  Consequently, Defendants Snowden and Marriott move that they be dismissed

7   from the suit forthwith pursuant to FRCP 4(m) and FRCP 12(b)(5).

8   **B.    THE COMPLAINT IS  BARRED BY THE APPLICABLE STATUTE OF
          LIMITATIONS**

9

10      In the alternative, Defendants also move, pursuant to FRCP 12(b)(6), to dismiss the

11  Complaint as the entire action is barred by the applicable two year statute of limitations.  The

12  Complaint alleges the "false arrest" occurred on June, 29, 2005. The instant Complaint was filed

13  on July 16, 2007, over two years after the facts giving rise to the conspiracy, false arrest and

14  related "civil rights" claims alleged in the Complaint.  The statute of limitations on a §1983 claim

15  seeking damages for a false arrest is a accrues when the claimant becomes detained.  *Wallace v.*

16  *Kato,* 127 S.Ct. 1091, 1100 (2007).  Where the complaint shows a statute of limitations defense is

17  available, a motion to dismiss pursuant to FRCP 12(b)(6) is appropriate.  *Jablon v. Dean Witter &*

18  *Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

19      The two year statute of limitations set forth in California Code of Civil Procedure §335.1

20  governs the various causes of action pled in the operative Complaint.  See, *Thompson v. City of*

21  *Shasta Lake,* 314 F.Supp.2d 1017, 1023 (E.D. Cal. 2004); *Washington v. Cambra* WL 22697273

22  (N.D. Cal. 2003) [Section 1983 civil rights action]; *Rita M. v. Roman Catholic Archbishop* (1986)

23  187 Cal.App.3d 1453, 1460 [civil conspiracy governed by California's personal injury statute of

24  limitations].   As the face of the Complaint shows that the facts giving rise to the lawsuit occurred

25  over two years before the Complaint was filed, the claims are time-barred and subject to

26  dismissal.  As no amendment can be made to cure this procedural defect, leave to amend should

27  be denied. *Jablon v. Dean Witter & Co.*, *supra*, 614 F.2d at 682.

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

MEMO OF P&As IN SUPPORT OF MOTION
TO DISMISS C-07-03790 WHA

**C.    ALTERNATIVELY, THE COMPLAINT SHOULD BE DISMISSED FOR PLAINTIFF'S FAILURE TO ALLEGE SUFFICIENT FACTS TO STATE A VIABLE CLAIM AGAINST DEFENDANTS MARRIOTT AND SNOW**

### 1.    §1983 Claim

Plaintiff's Complaint also fails, on its face, to state facts to allege any conceivable civil rights violation claim against Mr. Snowden or Marriott—private persons.[2]

42 U.S.C. § 1983 creates no substantive rights; it provides a right of action for constitutional violations and violations of federal laws which themselves have no remedy. *Chapman v. Houston Welfare Rights Org.*, 441 US 600, 617-618; 99 S.Ct. 1905 (1979); *Pennhurst State School and Hospital v. Halderman*, 451 US 1; 101 S.Ct. 1531 (1981).

Here, Mr. Wilmshurst claims deprivation of due process protected by the First, Fourth, Fifth and Fourteenth Amendments.  The Fourteenth Amendment (section 1) provides that no state shall "deprive any person of life, liberty, or property, without due process or law…"  and imposes civil liability on an individual who "under color [of state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

A civil rights plaintiff suing a private individual under § 1983 must demonstrate that the private individual acted under color of state law since plaintiffs do not enjoy Fourteenth Amendment protections against "private conduct abridging individual rights." *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961).   Thus, Section 1983 liability only applies to individuals who carry a badge of authority of a State and represented it in some capacity.   As private persons, neither Marriott nor Mr. Snowden are capable of state action necessary to for a violation of civil rights claim unless Plaintiff alleged facts showing that the defendants were clothed with the authority of the state and were purporting

---

[2]    It is unclear whether Mr. Wilmshurst intended to assert the First Cause of Action against Marriott and Mr. Snowden, but for the sake of completeness, the claim is addressed herein.

MEMO OF P&As IN SUPPORT OF MOTION
TO DISMISS C-07-03790 WHA

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

to act under that authority. *Sykes v. State of California*, 497 F.2d 197, 200 (9th Cir. 1974). No such facts are stated in the instant complaint. Marriott nor Mr. Snowden did not initiate, request or affect an arrest of Mr. Wilmshurst.

The cases require a substantial degree of cooperation before imposing civil liability for actions by private individuals that impinge on civil rights. *Howerton v. Gabica*, 708 F.2d 380, 384k-85 (9th Cir.1983) [landlord had engaged in joint action with police officers in the course of the landlord's sustained efforts to evict a tenant. Landlord "repeatedly requested aid by the police to effect the eviction, and the police intervened at every step."].

Here, there is no allegation of any conspiracy or joint action between Mr. Snowden and the law enforcement officers.

Furthermore, in order for a private individual to be liable for a § 1983 violation when a state actor commits the challenged conduct, the plaintiff must establish that the private individual was the proximate cause of the violations. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir.1986). [A]bsent some showing that a private party had some control over state officials' decision [to commit the challenged act], the private party did not proximately cause the injuries stemming from [the act]; *Pomerantz v. County of Los Angeles,* 674 F.2d 1288, 1291 (9th Cir. 1982).

*Arnold v. IBM Corp*., 637 F.2d 1350 (9th Cir.1981), is instructive. There, a task force including law enforcement officials, the district attorney, and an IBM security manager investigated trade secret leaks from within IBM. After his arrest and indictment and the search of his home, the plaintiff sued IBM under § 1983 based on its involvement with the investigation. The 9th Circuit Court of Appeal held that, although IBM provided the task force with its security manager, information, funding, and grand jury witnesses, the company was not the proximate cause of the plaintiff's alleged injuries because it did not direct the task force to take action against him. *Id*. at 1356-58.

MEMO OF P&As IN SUPPORT OF MOTION
TO DISMISS C-07-03790 WHA

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

A complaint which presents only generalized and vague allegations that private citizens participated in "civil rights violations" such as the allegations in the instant Complaint are insufficient to withstand a motion to dismiss. *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992)

In addition, to the extent the Complaint seeks to hold Marriott responsible under a *respondeat superior* or "supervisory liability" theory by virtue of Mr. Snowden's employment with Marriott, the claim is likewise barred. Liability under 42 U.S.C. §1983 is imposed for depriving the Plaintiff of rights secured by the Constitution or other federal laws, not for negligent breach of a duty of care arising from tort law. *Daniels v. Williams,* 474 U.S. 327, 329 (1986).

### 2. Conspiracy and "Failure to protect from false arrest claim"

As discussed above, the Complaint is devoid of any allegation that any act or omission by Mr. Snowden or Marriott were "actions under color of state law." In order to be liable under §1983 as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995) (holding that public university's acquiescence in private security team's pat-down searches of concert-goers did not establish state action under joint action test, despite shared goal of producing a profitable event). No such facts are pleaded in the instant case.

Thus, the Complaint fails to set forth, with specificity, what actions by Mr. Snowden or Marriott violated Plaintiff's constitutional rights or how they "conspired" with law enforcement. Further, Plaintiff has failed to plead facts to support the conclusory allegation that Mr. Snowden (and/or the Marriott) conspired with law enforcement or that anyone affiliated with Marriott touched or otherwise actively participated in the arrest (for example there is no allegation that anyone affiliated with the Marriott requested the arrest or otherwise acted in concert with law enforcement).

Any conceivable amendment would be insufficient to state a claim. A private person who makes representations or reports to a state official is not acting "under color of law" within the meaning of the Civil Rights Statutes. *Id.* Thus, any conceivable involvement of the private

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

- 7 -
MEMO OF P&As IN SUPPORT OF MOTION
TO DISMISS C-07-03790 WHA

1  defendants in "instigating" Mr. Wilmshurst's arrest would be insufficient to state a claim unless

2  there were facts pleaded that the arresting officers did not exercise their own independent

3  judgment when they made the arrest and otherwise allegedly violated Mr. Wilmshurst's

4  constitutional rights.   See, *Franklin v. Fox,* 312 F.3d 423, 446.

5       Finally, Plaintiff cannot cure the defect by alleging that Mr. Snowden and Marriott

6  conspired with the other state defendants who were acting under color of state law since the state

7  officials are immune from liability under the facts alleged.  *Sykes v. State of California*, 497 F.2d

8  197, 201 (9th Cir. 1974).  [See Motion to Dismiss filed on behalf of former Attorney General

9  Lockyer for applicable immunity authorities].

10       As for the vague, third cause of action, it appears that claim sounds in negligence

11  (Marriott had a duty to protect Plaintiff from arrest).  The Complaint is devoid of any facts giving

12  rise to a duty on the part of Marriott to protect a guest from arrest by state law enforcement

13  officials.  As the essential elements of a separate tort claim have not been pled, the third cause of

14  action is also subject to dismissal pursuant to FRCP 12(b)(6).

15       For all of the foregoing reasons, each of Plaintiff's "violation of civil rights" claims are

16  subject to dismissal as to Defendant Snowden and Defendant Marriott International, Inc. and

17  since the pleading deficiencies cannot be cured by good faith amendment based upon the pleading

18  admissions in the operative complaint, leave to amend should be denied.

19  ### IV.    CONCLUSION

20       Based upon the foregoing, Defendants Marriott International, Inc. and Sam Snowden

21  respectfully request that the Court grant the instant motions to dismiss, in their entirety, without

22  leave to amend as Plaintiff Richard E. Wilmshurst failed to comply with FRCP 4 and on the

23  further grounds that the claims asserted are barred by the applicable statute of limitations and fail

24  to state facts sufficient to constitute a viable cause of action in any event.

25

26

27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1

Dated:     December 4, 2007                    LOMBARDI, LOPER & CONANT, LLP

2

3                                             By:    /s/ GayLynn Kirn Conant

4                                                GAYLYNN KIRN CONANT
                                                Attorneys for Defendants
5                                                MARRIOTT INTERNATIONAL, INC.
                                                (Erroneously sued herein as Marriott of
6                                                San Francisco) and SAM SNOWDEN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541