1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  BRADLEY SOLOMON
   Deputy Attorney General
4  State Bar No. 140625
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA 94102-3664
     Telephone: (415) 703-5627
6  Fax: (415) 703-5480
     Email: bradley.solomon@doj.ca.gov
7  Attorneys for Defendants Ignatius Chinn,
   Blake Graham, Lee Careaga, John Marsh & Kiso Yo
8
                    IN THE UNITED STATES DISTRICT COURT
9
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN FRANCISCO DIVISION
11

12  **RICHARD E. WILMSHURST,**                    C 07 3790 WHA

13                                    Plaintiff,

14          v.

15  **MARRIOTT OF SAN FRANCISCO, SAM
    SNOWDEN, IGNATIUS CHINN, WILLIAM
16  LOCKYER, BLAKE GRAHAM, LEE CAREAGA,
    JOHN MARSH, and KISU YO AND DOES 1
17  THROUGH 100,**

18                                    Defendants.

19

20       **NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANTS IGNATIUS
         CHINN, BLAKE GRAHAM, LEE CAREAGA, JOHN MARSH AND KISO YO FROM
21       PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
             SUPPORT THEREOF (F.R.C.P. 12(b)(6)); PROPOSED ORDER**
22
                              Date: January 17, 2008
23                            Time: 8:00 a.m.
                          Courtroom: 9
24                            Judge: Honorable William H. Alsup
25

26

27

28

1

**TABLE OF CONTENTS**

2

Page

3    MOTION TO DISMISS                                                                    2

4    MEMORANDUM OF POINTS AND AUTHORITIES                                                 4

5    PRELIMINARY STATEMENT                                                                4

6         A.   Parties; Nature Of Action; Plaintiff's Claim                              4

7         B.   Grounds For Motion                                                        4

8    LEGAL STANDARD                                                                       5

9    ARGUMENT                                                                             5

10   BRIEF STATEMENT OF FACTS                                                             5

11   I.    **PLAINTIFF'S CLAIMS ARE TIME BARRED BY THE
            APPLICABLE STATUTE OF LIMITATIONS.**                                         6

12

13   II.   **THE COMPLAINT FAILS TO STATE A CLAIM AGAINST
            DEFENDANTS UPON WHICH RELIEF CAN BE GRANTED.**                               6

14        A.   The Complaint Does Not Comply With The Most Basic Requirements
               Of Pleading.                                                             6

15
          B.   The Complaint Fails To State Any Recognizable Claim Against Defendants.
16                                                                                       7

17        C.   The Complaint Cannot Be Remedied, And Should Be Dismissed Without
               Leave To Amend.                                                           9

18

19   III.  **PLAINTIFF CANNOT PROVE THE ELEMENTS OF EACH
            CIVIL RIGHTS CLAIM AGAINST THE NAMED
            DEFENDANTS.**                                                                10

20
          A.   Plaintiff's First Amendment Claim Is Inviable As There Are No
21             Allegations That Plaintiff Was Even Engaged In The Act Of Free Speech
               At The Time Of Incident.                                                 11

22        B.   Plaintiff's Fourth Amendment Claim Is Barred By Qualified Immunity.      12

23
          C.   Plaintiff's Fifth Amendment Claim Is Rather Curious As There Do Not
24             Appear To Be Any Fifth Amendment Rights At Issue.                         13

25        D.   Plaintiff's Fourteenth Amendment Claims Are Improper And Inviable.       14

26   CONCLUSION                                                                          17

27

28

1

**TABLE OF AUTHORITIES**

2
                                                                                    **Page**

3    **Cases**

4

5    *Albright v. Oliver*
     510 U.S. 266, 114 S.Ct. 807 (1994)                                              14

6    *Anderson v. Creighton*
     483 U.S. 635, 641 (1986)                                                        13
7
     *Arlington Heights v. Metropolitan Housing Corp.*
8    429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977)                          15, 16

9    *Awabdy v. City of Adelanto*
     368 F.3d 1062, 1071 (9th Cir. 2004)                                             11
10
     *Ballisteri v. Pacifica Police Dept.*
11   901 F. 2d 696, 699 (9th Cir. 1988)                                              5, 7

12   *Bergquist v. County of Cochise*
     806 F.2d 1364, 1369 (9th Cir. 1986)                                             8
13
     *Bodine Produce, Inc. v. United Farm Workers Organizing Comm.*
14   494 F.2d 541, 556 (9th Cir. 1974)                                               7

15   *Brewster v. Board of Educ. of Lynwood U. School Dist.*
     149 F.3d 971, 977 (9th Cir. 1998)                                               12, 13
16
     *Caldwell v. City of Elwood*
17   959 F.2d 670, 672 (7th Cir. 1992)                                               9

18   *Chavez v. Martinez*
     (2003) 538 US 760, 155 L Ed 2d 984, 123 S Ct. 1994                              14
19
     *City of Canton v. Harris*
20   489 U.S. 378 (1984)                                                             8

21   *Conley v. Gibson*
     335 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)                         5, 7
22
     *Crawford-El v. Britton*
23   320 U.S. App. D.C. 150, 93 F.3d 813, 826 (D.C. Cir. 1996)                       12

24   *David K. v. Lane*
     839 F.2d 1265, 1271 (7th Cir. 1988)                                             16
25
     *Davis v. Passman*
26   442 U.S. 228, 237-238, n.15 (1979)                                             7

27   *Del Percio v. Thornsley*
     877 F.2d 785 (9th Cir. 1989)                                                    6
28

## TABLE OF AUTHORITIES  (continued)

Page

*DeShaney v. Winnebago County Dep't of Social Servs.*
489 U.S. 189, 196 (1989)                                                                15

*Estelle v. Gamble*
429 U.S. 97, 106 (1976)                                                                   9

*Foman v. Davis*
371 U.S. 178, 182 (1962)                                                                 10

*Graham v. Connor*
490 U.S. 386, 395, 109 S.Ct. 1865, 1871 (1989)                                          14

*Harlow v. Fitzgerald*
457 U.S. 800, 818 (1982)                                                              12, 13

*Holden v. Hagogian*
978 F. 2d 1115, 1121 (9th Cir. 1992)                                                       5

*Ivey v. Board of Regents of University of Alaska*
673 F.2d 266, 268 (9th Cir. 1982)                                                       8, 9

*Jablon v. Dean Witter & Co.*
614 F.2d 677 (9th Cir. 1980)                                                              6

*Jones v. Community Redevelopment Agency*
733 F.2d 646, 649 (9th Cir. 1984)                                                   7, 10, 15

*Karim-Panahi v. Los Angeles Police Dept.*
839 F. 2d 621, 623 (9th Cir. 1988)                                                        9

*Klamath Lake Pharmacy v. Klamath Medical Service Bureau*
701 F.2d 1276, 1293 (9th Cir. 1983), cert. denied, 464 U.S. 822 (1983)                   10

*Knop v. Johnson*
667 F.Supp. 467, 501 (W.D. Mich. 1987)                                                   16

*Knox v. Southwest Airlines*
124 F.3d 1103, 1107 (9th Cir. 1997)                                                      12

*Lake Country Estates, Inc. v.  Tahoe Regional Planning Agency*
(1979) 4440 US 391, 399, 59 L Ed 29 401, 409, 99 S Ct. 1171                              14

*Leer v. Murphy*
844 F.2d 628, 633 (9th Cir. 1988)                                                      8-10

*Malley v. Briggs*
475 U.S. 335, 341 (1986)                                                                 12

*Martinez v. California*
444 U.S. 277, 284 fn. 9 (1980)                                                           15

**TABLE OF AUTHORITIES  (continued)**

|  | Page |
|---|---|
| *Mendocino Env'l Ctr. v. Mendocino County*<br>14 F.3d 457, 459-60 (9th Cir. 1994) | 11 |
| *Mescall v. Burrus*<br>603 F. 2d 1266, 1269 (7th Cir. 1979) | 5 |
| *Monell v. Department of Social Services*<br>436 U.S. 658, 692 (1978) | 8 |
| *N.L. Industries, Inc. v. Kaplan*<br>792 F 2d 896, 898 (9th Cir. 1986) | 5 |
| *Nevijel v. North Coast Life Ins. Co.*<br>651 F.2d 671, 673 (9th Cir. 1981) | 7 |
| *North Star Intern v. Arizona Corporation Comm.*<br>720 F.2d 578, 583 (9th Cir. 1983) | 8 |
| *Palmer v. Sanderson*<br>9 F.3d 1433, 1437-38 (9th Cir. 1993) | 8 |
| *Parks School of Business, Inc. v. Symington*<br>51 F. 3d 1480, 1484 (9th Cir. 1995) | 5 |
| *Pena v. Gardner*<br>976 F.2d 469, 471 (9th Cir. 1992) | 8, 9 |
| *Personnel Administration of Massachusetts v. Feeny*<br>442 U.S. 256, 276, 99 S.Ct. 2282, 60 L.Ed2d 870 (1979) | 16 |
| *Robertson v. Dean Whitter Reynolds, Inc.*<br>749 F. 2d 530, 533-534 (9th Cir. 1984) | 7 |
| *Ryncarz v. Eikenberry*<br>824 F.Supp. 1493, 1503 (E.D. Wash 1993) | 8, 9 |
| *Shango v. Jurich*<br>681 F.2d 1091, 1104 (7th Cir. 1982) | 16 |
| *Shirey v. Bensalem Township*<br>501 F.Supp. 1138, 1143 (E.D. Pa. 1980), appeal dismissed, 663 F.2d 472 (3d Cir. 1981) | 9 |
| *Sloman v. Tadlock*<br>21 F.3d 1462, 1469-70 (9th Cir. 1994) | 11 |
| *Sweaney v. Ada County*<br>119 F.3d 1385, 1388 (9th Cir. 1997) | 13 |
| *Usher v. City of Los Angeles*<br>828 F.2d 556 (9th Cir. 1987) | 6 |

## TABLE OF AUTHORITIES  (continued)

Page

*Washington v. Baenziger*
656 F. Supp. 1176, 1177 (N.D. Cal. 1987)                                    7

*Washington v. Davis*
426 U.S. 229, 238-39, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976)                 15

*White v. United States*
588 F.2d 650 (8th Cir. 1978)                                             10

*Youngberg v. Romeo*
457 U.S. 307 (1982)                                                        15


**Statutes**

42 United States Code
    § 1983                                              1, 2, 4, 8-10, 12-14

Code of Civil Procedure
    § 335.1                                                                 6
    § 340(3)                                                                6

Federal Rules of Civil Procedure
    Rule 8
    Rule 8 (a)                                                              7
    Rule 8(e)(1)                                                            7
    Rule 12                                                                 7
    Rule 12(b)(6)                                                     1, 2, 5-7


**Other Authorities**

*Rotunda, et al., Treatise on Constitution Law*
    (1986) 317                                                             16

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | PAUL T. HAMMERNESS
Supervising Deputy Attorney General
3 | BRADLEY SOLOMON
Deputy Attorney General
4 | State Bar No. 140625
455 Golden Gate Avenue, Suite 11000
5 | San Francisco, CA 94102-3664
Telephone: (415) 703-5627
6 | Fax: (415) 703-5480
Email: bradley.solomon@doj.ca.gov
7 | Attorneys for Defendants Ignatius Chinn,
Blake Graham, Lee Careaga, John Marsh & Kiso Yo

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  **RICHARD E. WILMSHURST,** | C 07 3790 WHA |
| 13                                   Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS** |
| 14       v. | **DEFENDANTS IGNATIUS CHINN, BLAKE GRAHAM,** |
| 15  **MARRIOTT OF SAN FRANCISCO, SAM SNOWDEN, IGNATIUS CHINN, WILLIAM** | **LEE CAREAGA, JOHN MARSH AND KISO YO FROM PLAINTIFF'S** |
| 16  **LOCKYER, BLAKE GRAHAM, LEE CAREAGA, JOHN MARSH, and KISU YO AND DOES 1** | **COMPLAINT; MEMORANDUM OF POINTS** |
| 17  **THROUGH 100,** | **AND AUTHORITIES IN SUPPORT THEREOF** |
| 18                                   Defendants. | **(F.R.C.P. 12(b)(6)); PROPOSED ORDER** |
| 19 | |
| 20 | Date:        January 17, 2008 |
| 21 | Time:        8:00 a.m. Courtroom: 9 |
| 22 | Judge:       Honorable William H. Alsup |

23 | TO PLAINTIFF RICHARD E. WILMSHURST

24 | PLEASE TAKE NOTICE that on January 17, 2008, at 8:00 a.m., in the above-referenced

25 | Courtroom, defendants Ignatius Chinn, Blake Graham, Lee Careaga, John Marsh and Kiso Yo will

26 | move and hereby move the court, as follows: For an order dismissing defendants from plaintiff's

27 | complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the

28 | grounds that plaintiff's complaint does not allege facts sufficient to state a claim for violation of 42

Notice of Motion & Motion to Dismiss Defendants; Memorandum of Ps & As; Proposed Order

1 | U.S.C. section 1983.

2 |     This motion shall be based upon this Notice, the Motion, the Memorandum of Points and

3 | Authorities filed herewith and upon all pleadings and documents on file herein.

4

5 | <center>**MOTION TO DISMISS**</center>

6 |     Defendants move to dismiss plaintiff's complaint on the following grounds:

7 |     1.  Plaintiff's claims are barred by the applicable statute of limitations.

8 |     2. The complaint fails to state a claim against defendants upon which relief can be granted:

9 |         A.  The complaint does not comply with the most basic requirements of pleading.

10 |         B.  The complaint fails to state any recognizable claim against defendants.

11 |         C.  The complaint cannot be remedied, and should be dismissed without leave to amend.

12 |     3. Plaintiff cannot prove the elements of each civil rights claim against the named defendants:

13 |         A.  Plaintiff's First Amendment claim is inviable as there are no allegations that plaintiff

14 |         was even engaged in the act of free speech at the time of incident.

15 |         B.  Any Fourth Amendment claim is barred by qualified immunity.

16 |         C.  Plaintiff's Fifth Amendment claim is rather curious as there do not appear to be any

17 |         Fifth Amendment rights at issue.

18 |         D.  Plaintiff's Fourteenth Amendment due process and equal protection claims are equally

19 |         flawed as they are better framed, if at all, under the parameters of a Fourth Amendment

20 |         claim.

21 |     This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the

22 | grounds that plaintiff Richard E. Wilmshurst has failed to allege facts sufficient to state a claim for

23 | violation of 42 U.S.C. section 1983.

24 |     WHEREFORE, defendants pray as follows:

25 |     1.  That the complaint and each claim for relief alleged herein be dismissed as against

26 | defendants Ignatius Chinn, Blake Graham, Lee Careaga, John Marsh and Kiso Yo;

27 |     2.  That plaintiff be ordered to take nothing from moving defendants and;

28 |     3.  For such other relief as the court deems just.

1    Dated: December 11, 2007

2                         Respectfully submitted,

3                         EDMUND G. BROWN JR.
Attorney General of the State of California

4                         PAUL T. HAMMERNESS
Supervising Deputy Attorney General

5

6                         *Bradley Solomon*

7                         BRADLEY SOLOMON
Deputy Attorney General

8                         Attorneys for Defendants Ignatius Chinn, Blake Graham,
Lee Careaga, John Marsh & Kiso Yo

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    ## MEMORANDUM OF POINTS AND AUTHORITIES

2    ## PRELIMINARY STATEMENT

3    **A.   Parties; Nature Of Action; Plaintiff's Claim**

4    This action stems from a June 29, 2005, incident that occurred at the yearly dinner of the Legal

5    Community Against Violence at the Marriott Hotel on Fourth Street in San Francisco. (Complaint,

6    p. 2.)

7    Plaintiff attended the dinner and was allegedly arrested by State law enforcement officials

8    defendants Ignatius Chinn, Blake Graham, Lee Careaga, John Marsh and Kiso Yo. (Complaint, p.

9    3.)

10   Defendant William Lockyer was the Attorney General of the State of California at the time of

11   this incident. He had no other involvement. (Complaint, p. 3.)

12   Plaintiff has brought a claim for violation of 42 U.S.C. section 1983 claiming false arrest and

13   excessive force. (Complaint, p. 4.)

14   Plaintiff claims his federal civil rights were violated in violation of the First, Fourth, Fifth and

15   Fourteenth Amendments. (Complaint, p. 4.)

16   **B.   Grounds For Motion**

17   Plaintiff has not alleged facts sufficient to state a claim for violation of 42 U.S.C. section 1983.

18   1. Plaintiff's claims are barred by the applicable statute of limitations.

19   2. The complaint fails to state a claim against defendants upon which relief can be granted:

20   A. The complaint does not comply with the most basic requirements of pleading.

21   B. The complaint fails to state any recognizable claim against defendants.

22   C. The complaint cannot be remedied, and should be dismissed without leave to amend.

23   3. Plaintiff's cannot prove the elements of each civil rights claim against the named defendants:

24   A. Plaintiff's First Amendment claim is inviable as there are no allegations that plaintiff

25   was even engaged in the act of free speech at the time of incident.

26   B. Any Fourth Amendment claim is barred by qualified immunity.

27   C. Plaintiff's Fifth Amendment claim is rather curious as there do not appear to be any

28   Fifth Amendment rights at issue.

1    D. Plaintiff's Fourteenth Amendment due process and equal protection claims are equally

2    flawed as they are better framed, if at all, under the parameters of a Fourth Amendment

3    claim.

4                                    **LEGAL STANDARD**

5    Defendants bring this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

6    A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure

7    section 12(b)(6) tests the legal sufficiency of the claims in the complaint, as well as reasonable

8    inferences to be drawn from them, and the court must construe the complaint in the light most

9    favorable to plaintiff. *N.L. Industries, Inc. v. Kaplan*, 792 F 2d 896, 898 (9th Cir. 1986); *Parks

10    School of Business, Inc. v. Symington*, 51 F. 3d 1480, 1484 (9th Cir. 1995). The court need not,

11    however, accept every allegation in the complaint as true; rather, the court will "examine whether

12    conclusory allegations follow from the description of the facts as alleged by the plaintiff." *Holden

13    v. Hagogian*, 978 F. 2d 1115, 1121 (9th Cir. 1992) (citations omitted). A complaint may be

14    dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient

15    facts under a cognizable legal theory. *Ballisteri v. Pacifica Police Dept.*, 901 F. 2d 696, 699 (9th Cir.

16    1988). A dismissal is inappropriate where "it appears beyond reasonable doubt that the plaintiff can

17    prove no set of facts which would entitle him to relief." *Conley v. Gibson*, 335 U.S. 41, 45-46, 2 L.

18    Ed. 2d 80, 78 S. Ct. 99 (1957); *accord Mescall v. Burrus*, 603 F. 2d 1266, 1269 (7th Cir. 1979).

19                                      **ARGUMENT**

20                             **BRIEF STATEMENT OF FACTS**

21    While for purposes of this Motion we must accept all facts as truthfully pled, the paucity of

22    allegations within the complaint compels the moving party to provide some indisputable facts to

23    allow for a contextual understanding of the matter at hand.

24    Apparently, plaintiff Wilmshurst was federally convicted in 2005 of possessing illegal weapons.

25    As a condition of his probation, Wilmshurst was ordered by the Court not to possess any weapons.

26    As he attended the dinner at issue herein, a dinner attended by numerous leaders including Attorney

27    General Lockyer and Mayor Newsom, he was identified as being on probation and was hand

28    searched. After finding and confiscating a large knife, law enforcement allowed plaintiff to attend

Notice of Motion & Motion to Dismiss Defendants; Memorandum of Ps & As; Proposed Order

5

1 | the dinner.

2 |     Later that evening, plaintiff became upset when his room was searched and one or more

3 | weapons was found. Plaintiff resisted as he was taken into custody for violation of his probation.

4 | **Plaintiff filed this civil rights action on July 16, 2007, more than two-years after the June**

5 | **29, 2005 incident date.**

6 | <div align="center">I.</div>

7 | <div align="center">**PLAINTIFF'S CLAIMS ARE TIME BARRED BY THE APPLICABLE**</div>
    <div align="center">**STATUTE OF LIMITATIONS.**</div>

8 |

9 |     Where the facts and date alleged establish a statute of limitations defense, a motion to dismiss

10 | pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper. *Jablon v. Dean Witter & Co.*, 614

11 | F.2d 677 (9th Cir. 1980). The Ninth Circuit has repeatedly held that section 1983 actions in

12 | California are governed by the personal injury limitations period. *Del Percio v. Thornsley*, 877 F.2d

13 | 785 (9th Cir. 1989); *Usher v. City of Los Angeles*, 828 F.2d 556 (9th Cir. 1987). Former California

14 | Code of Civil Procedure section 340(3) provides a 1-year limitations period for filing personal injury

15 | actions. Effective January 1, 2003, the statute of limitations for personal injury actions is 2 years.

16 | (C.C.P. §335.1).

17 |     Plaintiff claims that on June 29, 2005, he was subject to an unlawful arrest and excessive force

18 | by State defendants. The Attorney General's Office has handled several suits filed by Mr.

19 | Wilmshurst indicating his familiarity with statute of limitations claim filing requirements. Plaintiff

20 | filed this complaint on July 16, 2007, more than two-years after the incident date and well after the

21 | statute of limitations expired. Accordingly, plaintiff's claims are time barred and should be

22 | dismissed.

23 | <div align="center">**II.**</div>

24 | <div align="center">**THE COMPLAINT FAILS TO STATE A CLAIM AGAINST**</div>
    <div align="center">**DEFENDANTS UPON WHICH RELIEF CAN BE GRANTED.**</div>

25 |

26 | **A.   The Complaint Does Not Comply With The Most Basic Requirements Of Pleading.**

27 |     The fundamental requirements of pleading in the federal courts are set in Rule 8 of the Federal

28 | Rules of Civil Procedure (Rule 8), which provides in part that: "A pleading which sets forth a claim

1   for relief...shall contain...a short and plain statement of the claim showing that the pleader is entitled
2   to relief...." (Fed. Rules Civ. Proc., Rule 8 (a).) [1] "[A]ll that the Rules require is a 'short and plain
3   statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the
4   grounds upon which it rests."

5   (*Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Bodine Produce, Inc. v. United Farm Workers*
6   *Organizing Comm.*, 494 F.2d 541, 556 (9th Cir. 1974).) However, "'[i]t is not enough to indicate
7   merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and
8   the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some
9   legal basis for recovery.'" (*Davis v. Passman*, 442 U.S. 228, 237-238, n.15 (1979) (citation
10  omitted).) That is, a pleading must give fair notice and state the elements of the claim plainly and
11  succinctly. (*Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).) A
12  complaint that fails to comply with the requirements of Rule 8 may be dismissed with prejudice.
13  (*Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981); *Washington v. Baenziger*,
14  656 F. Supp. 1176, 1177 (N.D. Cal. 1987).)

15      Plaintiff's complaint does not satisfy even these most fundamental requirements. There are a
16  bare minimum of allegations. The complaint, therefore, not only fails to give defendants fair notice
17  of plaintiff's claim, but also lacks any facts supporting a legal basis for recovery against defendants.

18  **B.    The Complaint Fails To State Any Recognizable Claim Against Defendants.**

19      Pursuant to Rule 12 of the Federal Rules of Civil Procedure (Rule 12), a complaint will be
20  dismissed for "failure to state a claim upon which relief can be granted..." Fed. Rules Civ. Proc.,
21  Rule 12 (b) (6). "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack
22  of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." (*Robertson v.*
23  *Dean Whitter Reynolds, Inc.*, 749 F. 2d 530, 533-534 (9th Cir. 1984); *accord, Balistreri v. Pacifica*
24  *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).) Admittedly, a pro se complaint will be held to a less
25  stringent standard than pleadings drafted by lawyers. (*Jones*, 733 F.2d at 649.) Yet, a pro se
26
27
----
28      1. Rule 8 also provides that "[e]ach averment of a pleading shall be simple, concise and
    direct." (Fed. Rules Civ. Proc., Rule 8(e)(1).)

1   complaint will be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in

2   support of his or her claim which would entitle the plaintiff to judgment. (*Pena v. Gardner*, 976 F.2d

3   469, 471 (9th Cir. 1992).) "However, `a  liberal interpretation of a pro se civil rights complaint may

4   not supply essential elements of the claim that were not initially pled.'" (*Id.* at 471; *Ivey v. Board of*

5   *Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).) Thus, a complaint that is vague,

6   conclusionary, and general, and does not set forth any material facts in support of its allegations, is

7   property dismissed. (*See*, e.g., *North Star Intern v. Arizona Corporation Comm.*, 720 F.2d 578, 583

8   (9th Cir. 1983); *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369 (9th Cir. 1986), overruled on

9   other grounds in *City of Canton v. Harris*, 489 U.S. 378 (1984).)

10      It is impossible to determine either the legal claims upon which recovery is sought or any

11  factual basis for a claim against defendants. The complaint fails to meet even the most basic

12  requirement of alleging a recognizable claim. Clearly, it is inherently flawed and beyond repair by

13  any means of amendment.

14      It is a fundamental requirement of pleading practice that the plaintiff must make specific

15  allegations of wrongdoing against each defendant. "A complaint must set forth the specific facts

16  upon which plaintiff relies in claiming the liability of each defendant." *Ryncarz v. Eikenberry*, 824

17  F.Supp. 1493, 1503 (E.D. Wash 1993) (emphasis supplied).

18      This pleading standard is of particular importance in civil rights cases like this one given that

19  there is no respondeat superior or vicarious liability under the Civil Rights Act. *Monell v.*

20  *Department of Social Services,* 436 U.S. 658, 692 (1978) (Congress did not intend to impose section

21  1983 liability on a person who does not "cause" or "participate in" a civil rights violation); *Palmer*

22  *v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). A person deprives another of a constitutional

23  right under section 1983 only if he "does an affirmative act, participates in another's affirmative

24  acts", or fails to perform a legally required duty which "causes the deprivation of which [the plaintiff

25  complains]". *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis in original).

26      Consistent with this specific pleading requirement, the court in *Pena v. Gardner*, 976 F.2d 469,

27  471 (9th Cir. 1992), held that a prison inmate whose complaint presented only "generalized and vague

28  allegations" that he was subjected to a digital rectal search without probable cause had failed to state

Notice of Motion & Motion to Dismiss Defendants; Memorandum of Ps & As; Proposed Order

1 | a section 1983 claim". Vague and conclusory allegations of official participation in civil rights

2 | violations are not sufficient to withstand a motion to dismiss". *Ibid.*, quoting *Ivey v. Board of*

3 | *Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982). [The Court of Appeals upheld the

4 | district court's dismissal of the pro per plaintiff's complaint in *Pena* notwithstanding the rule of

5 | liberal construction which is applicable to a pro se section 1983 complaint. See *Estelle v. Gamble*,

6 | 429 U.S. 97, 106 (1976); *Pena v. Gardner*, 976 F.2d at 471]

7 | In the instant case, plaintiff has failed to meet this specificity requirement in his complaint in

8 | at least two respects. In the first place, his 1983 cause of action contains only the vaguest and most

9 | general allegations of wrongdoing by any of the defendants.

10 | Moreover, plaintiff's complaint fails to allege which defendants committed the particular

11 | affirmative acts which deprived him of specific constitutional rights. Instead, he simply makes

12 | generalized allegations that defendants were collectively somehow responsible for each violation of

13 | his rights. The courts have been very critical of this kind of lazy, unspecific pleading of "collective

14 | guilt" in civil rights cases. See, e.g., *Caldwell v. City of Elwood*, 959 F.2d 670, 672 (7th Cir. 1992);

15 | *Ryncarz v. Eikenberry*, 824 F.Supp. at 1503; *Shirey v. Bensalem Township*, 501 F.Supp. 1138, 1143

16 | (E.D. Pa. 1980), appeal dismissed, 663 F.2d 472 (3d Cir. 1981) (complaint failed to identify specific

17 | acts of specific defendants, simply lumping them all together, and was thus devoid of any allegations

18 | that would put individual defendants on notice of their alleged wrongdoing).

19 | By failing to make specific factual allegations of wrongdoing against each defendant in this

20 | action, plaintiff's complaint fails to state a cognizable section 1983 claim against the defendants for

21 | "causing" or "participating in" the deprivation of his civil rights, as required in this circuit. See *Leer*

22 | *v. Murphy*, 844 F.2d at 633. The complaint, therefore, cannot withstand a motion to dismiss. See *Ivey*

23 | *v. Board of Regents*, 673 F.2d at 268.

24 | **C.    The Complaint Cannot Be Remedied, And Should Be Dismissed Without Leave To**

25 | **Amend.**

26 | As a general rule, a <u>pro se</u> litigant cannot be denied leave to amend his or her complaint unless

27 | it is clear that the deficiencies of the complaint cannot be cured by amendment. (*Karim-Panahi v.*

28 | *Los Angeles Police Dept.*, 839 F. 2d 621, 623 (9th Cir. 1988).) "At the same time, futile amendments

1  should not be permitted." (*Klamath Lake Pharmacy v. Klamath Medical Service Bureau*, 701 F.2d

2  1276, 1293 (9th Cir. 1983), cert. denied, 464 U.S. 822 (1983), citing *Foman v. Davis*, 371 U.S. 178,

3  182 (1962).) *Accord*, *Jones*, 733 F.2d at 650. Thus, the dismissal of severely deficient complaints

4  without first permitting amendment has been upheld. (*See*, e.g., *Jones*, 733 F.2d at 650-651; *White*

5  *v. United States*, 588 F.2d 650 (8th Cir. 1978).)

6      It is clear that the complaint cannot and will not be remedied by amendment. The complaint is

7  utterly frivolous, but will nonetheless require the taxpayers of the State of California to incur

8  significant expense if the action is allowed to proceed. The complaint should be dismissed without

9  leave to amend as to defendants.

10                                      **III.**

11          **PLAINTIFF CANNOT PROVE THE ELEMENTS OF EACH CIVIL**
            **RIGHTS CLAIM AGAINST THE NAMED DEFENDANTS.**

12

13      The federal Civil Rights Act provides a civil remedy against a person who, under color of state

14  law, deprives another of federal rights cognizable under 42 U.S.C. § 1983. To prevail on a § 1983

15  claim, the plaintiff must prove that each defendant, acting under color of state law, committed an act

16  that deprived him of some right, privilege, or immunity protected by the U.S. Constitution of the

17  laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). Section 1983 "is

18  not itself a source of substantive rights" but merely provides "a method for vindicating federal rights

19  elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979).

20      There is no respondeat superior or vicarious liability under § 1983. *Monell v. Department of*

21  *Social Services*, 436 U.S. 658, 692 (1978); *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir.

22  1993). A person deprives another of a constitutional right under § 1983 only if he "does an

23  affirmative act, participates in another's affirmative acts", or fails to perform a legally required duty

24  which "causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d at 633

25  (emphasis in original).

26          "The inquiry into causation must be individualized and focus on the duties and
            responsibilities of each individual defendant whose acts or omissions are
27          alleged to have caused a constitutional deprivation."

28  (*Ibid.* (emphasis added).)

A.    **Plaintiff's First Amendment Claim Is Inviable As There Are No Allegations That Plaintiff Was Even Engaged In The Act Of Free Speech At The Time Of Incident.**

Under the First Amendment, a citizen has the right to free expression. In order to prove that a defendant deprived a plaintiff of his First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. the plaintiff engaged in [speech] [other specified conduct] protected under the First Amendment;

2. the defendant took action against the plaintiff; and

3. the plaintiff's protected [speech] [conduct] [chilling the plaintiff's protected speech] was a substantial or motivating factor for the defendant's action. (*Ninth Circuit Model Civil Jury Instructions; 9.10 Particular Rights-First Amendment- "Citizen Plaintiff"*)

Under the First Amendment to the United States Constitution, a citizen has the right to be free from governmental action taken to retaliate against the citizen's exercise of First Amendment rights or to deter the citizen from exercising those rights in the future. *Sloman v. Tadlock*, 21 F.3d 1462, 1469-70 (9th Cir. 1994). "Although officials may constitutionally impose time, place, and manner restrictions on political expression carried out on sidewalks and median strips, they may not 'discriminate in the regulation of expression on the basis of content of that expression.'...'State action designed to retaliate against and chill political expression strikes at the very heart of the First Amendment.'" *Id.* (citations omitted).

Thus, in order to demonstrate a First Amendment violation, a citizen plaintiff must provide evidence showing that "by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct." *Id.* (quoting *Mendocino Env'l Ctr. v. Mendocino County*, 14 F.3d 457, 459-60 (9th Cir. 1994). A plaintiff need not prove, however, that "his speech was actually inhibited or suppressed." *Mendocino Env'l Center v. Mendocino County*, 192 F.3d 1283, 1288 (9th Cir. 1999). See also *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1071 (9th Cir. 2004).

In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that "by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct." *Sloman v. Tadlock*,

1   21 F.3d 1462, 1469 (9th Cir. 1994) (citing Mendocino Env'l Ctr., 14 F.3d at 464). [**45] While this

2   statement might be read to suggest that a plaintiff must demonstrate that his speech was actually

3   inhibited or suppressed, our description of the elements of a First Amendment claim in *Mendocino*,

4   which *Sloman* cited for its standard, requires only a demonstration that defendants "intended to

5   interfere with Bari and Cherney's First Amendment rights." *Mendocino Env'l Ctr.*, 14 F.3d at 464

6   (emphasis added). Because it would be unjust to allow a defendant to escape liability for a First

7   Amendment violation merely because an unusually determined plaintiff persists in his protected

8   activity, we conclude  that the proper inquiry asks "whether an official's acts would chill or silence

9   a person of ordinary firmness from future First Amendment activities." *Crawford-El v. Britton*, 320

10  U.S. App. D.C. 150, 93 F.3d 813, 826 (D.C. Cir. 1996), vacated on other grounds, 523 U.S. 1273

11  (1997) (internal quotation marks and citation omitted). n32

12      Plaintiff does not allege he was precluded from attending the dinner. By all appearance, there

13  could not have been a First Amendment violation as no First Amendment rights were even at issue.

14  **B.    Plaintiff's Fourth Amendment Claim Is Barred By Qualified Immunity.**

15      The allegations fail to establish plaintiff's section 1983 claim that his arrest violated his Fourth

16  Amendment rights.  Even if probable cause for the arrest was found to be lacking, the defendants

17  would be protected from section 1983 liability by qualified immunity.

18      State officials who carry out executive and administrative functions, including police officers,

19  may assert the defense of qualified immunity when they are sued under section 1983.  The qualified

20  immunity doctrine protects government officials from civil liability under section 1983 "insofar as

21  their conduct does not violate clearly established statutory or constitutional rights of which a

22  reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The

23  plaintiff shoulders the burden of proving that the rights he claims are "clearly established." *Brewster*

24  *v. Board of Educ. of Lynwood U. School Dist.*, 149 F.3d 971, 977 (9th Cir. 1998).

25      The Supreme Court has made clear that the protection provided by the qualified immunity is

26  far-reaching.  *Ibid.*  Qualified immunity protects "all but the plainly incompetent or those who

27  knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  This test "allows ample

28  room for reasonable error" by the defendant. *Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th

1   Cir. 1997). Thus, for example, law enforcement officers who "reasonably but mistakenly conclude

2   that probable cause is present" when undertaking an arrest or search are entitled to the immunity.

3   *Anderson v. Creighton*, 483 U.S. 635, 641 (1986).

4        In determining whether public officials are entitled to qualified immunity from liability under

5   section 1983, a district court must consider (1) whether the plaintiff has identified a specific

6   constitutional right that has been allegedly violated, (2) whether that right was so clearly established

7   as to alert a reasonable official to its parameters, and (3) whether a reasonable officer could have

8   believed his or her conduct was lawful. *Sweaney v. Ada County*, 119 F.3d 1385, 1388 (9th Cir.

9   1997).

10       In order for a right to be "clearly established" within the meaning of *Harlow*, "[t]he contours

11   of the right must be sufficiently clear that a reasonable official would understand that what he is

12   doing violates that right." *Anderson v. Creighton*, 483 U.S. at 640. "In other words, before being

13   charged with monetary liability, public officials must be given clear notice that their conduct is

14   unlawful." *Brewster v. Board*, 149 F.3d at 977. In evaluating claims of qualified immunity, the

15   courts must not view constitutional rights in the abstract but rather "in a more particularized, and

16   hence more relevant, sense." *Ibid.*, quoting *Anderson v. Creighton*, 483 U.S. at 640.

17       Although defendants assert the evidence clearly demonstrates that all of the law enforcement

18   actions in this case were supported by probable cause, if the Court should find otherwise that finding

19   would not give rise to section 1983 liability. The defendants plainly did what competent, well-

20   trained, reasonable law enforcement officials would have done under the same circumstances. In

21   the face of plaintiff's recent felony conviction for weapons possession, and his possession of

22   weapons at a significant civic event, law enforcement performed their inescapable duties by

23   enforcing the laws of this state.

24       Defendants' conduct, in all respects, was reasonable and therefore not culpable under the law

25   applicable to section 1983 claims of Fourth Amendment violations. Defendants are therefore

26   entitled to qualified immunity.

27   **C.   Plaintiff's Fifth Amendment Claim Is Rather Curious As There Do Not Appear To Be Any Fifth Amendment Rights At Issue.**

28

1  Inverse condemnation is actionable under 42 U.S.C. section 1983 as a violation of the Fifth

2  Amendment's guaranty that private property shall not be taken for public use without just

3  compensation. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency* (1979) 4440 US 391,

4  399, 59 L Ed 29 401, 409, 99 S Ct. 1171.

5  Recovery under section 1983 is available if a plaintiff's right against self-incrimination under

6  the Fifth Amendment is violated. *Chavez v. Martinez* (2003) 538 US 760, 155 L Ed 2d 984, 123 S

7  Ct. 1994.

8  In the case at hand, a Fifth Amendment claim appears fatally flawed as both woefully and

9  obviously premature, suffering from problems as to both standing and context.  What exactly would

10 be plaintiff's Fifth Amendment claim based on the facts as pled?  Dismissal of this claim seems

11 appropriate.

12 **D.    Plaintiff's Fourteenth Amendment Claims Are Improper And Inviable.**

13 Plaintiff's claim of a Fourteenth Amendment violation based on his alleged unlawful arrest

14 must be dismissed.  It is the Fourth Amendment to the United States Constitution that specifically

15 protects a party from the alleged wrongs in effectuating searches and arrests warrants.  In *Albright*

16 *v. Oliver*, 510 U.S. 266, 114 S.Ct. 807 (1994), the Supreme Court held that:

17
> "Where a particular Amendment 'provides an explicit textual source of
> constitutional protection' against a particular sort of government behavior, 'that
18 > Amendment, not the more generalized notion of 'substantive due process', must
> be the guide for analyzing these claims.'" (*Albright, supra*, 510 U.S. at 273;
19 > 114 S.Ct. at 813, citing *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865,
> 1871 (1989).)

20

21 For claims asserting that law enforcement officers have engaged in wrongful conduct in the course

22 of an investigatory stop, arrest or seizure of a citizen, the proper analysis is under the Fourth

23 Amendment.  *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct.1865, 1871 (1989).  Accordingly,

24 plaintiff's contention of a Fourteenth Amendment violation must be dismissed as to defendants as

25 plaintiff's rights at issue in this lawsuit are more specifically addressed under the Fourth

26 Amendment.

27 If  one analyzes this matter from a Fourteenth Amendment perspective, the elements of a

28 violation are still not present.

1    Plaintiff's Fourteenth Amendment due process claim is flawed as the facts, as pled, show

2 plaintiff has made no allegations that his due process rights have been violated.

3    The due process clause of the Fourteenth Amendment prohibiting a state from depriving a

4 person of life, liberty, or property without due process of law "was intended to prevent government

5 from abusing [its] power, or employing it as an instrument of oppression." *DeShaney v. Winnebago*

6 *County Dep't of Social Servs.*, 489 U.S. 189, 196 (1989). Substantive due process claims usually

7 involve infringement of liberty interests. See *Youngberg v. Romeo*, 457 U.S. 307 (1982) – state

8 under duty to protect involuntarily committed mental patients from each other.

9    Violations of procedural due process are also actionable under section 1983. A plaintiff must

10 allege facts which show that a defendant has deprived him of a right, privilege or immunity secured

11 by the Constitution and laws of the United States. "Conclusory allegations, unsupported by facts,

12 will be rejected as insufficient to state a claim under the Civil Rights Act. [Citations omitted]."

13 *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

14    Plaintiff has made no allegations that his substantive due process rights were violated. As a

15 parolee, he was subject to search and arrest for unlawful possession of weapons.

16    The United States Supreme Court has cautioned:

17       "It must be remembered that even if a state decision does deprive an individual
         of life or property, and even if that decision is erroneous, it does not necessarily
18       follow that the decision violated that individual's right to due process"
         *Martinez v. California*, 444 U.S. 277, 284 fn. 9 (1980)."
19

20    In truth, there are no specific allegations of due process violations within plaintiff's complaint.

21    If one treats plaintiff's Fourteenth Amendment allegation as an equal protection claim, plaintiff

22 fails to allege any disparate treatment, much less that it was motivated by a discriminatory motive.

23    The essence of an equal protection claim based on invidious discrimination is that the action

24 was taken with a discriminatory intent or purpose. *Arlington Heights v. Metropolitan Housing*

25 *Corp.*, 429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Washington v. Davis*, 426 U.S. 229,

26 238-39, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). Whether the action taken was taken with a

27 discriminatory purpose "demands a sensitive inquiry into such circumstantial and direct evidence

28 of intent as may be available". *Arlington Heights v. Metropolitan Housing Corp.*, 429 U.S. at 266,

Notice of Motion & Motion to Dismiss Defendants; Memorandum of Ps & As; Proposed Order

1   97 S.Ct. 555, 50 L.Ed.2d 450. The impact of the action taken is not alone determinative of

2   discriminatory purpose. *Arlington Heights,* 429 U.S. at 266, 97 S.Ct. 555, 50 L.Ed.2d 450. Even

3   when that disparate impact is foreseeable, the plaintiff must show more to establish discriminatory

4   intent. *Personnel Administration of Massachusetts v. Feeny*, 442 U.S. 256, 276, 99 S.Ct. 2282, 60

5   L.Ed2d 870 (1979); *David K. v. Lane*, 839 F.2d 1265, 1271 (7th Cir. 1988). Intent, in the context of

6   invidious discrimination, is more than an administrator's awareness of the consequences of his

7   actions; an administrator must have "singled out a particular group for disparate treatment and

8   selected his course of action at least in part for the purpose of causing it adverse effects on an

9   identifiable group." Emphasis added. *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

10       The Supreme Court has offered four circumstantial evidentiary sources of evidence of intent:

11   the historical background of the decision; the specific sequence of events leading to the challenged

12   decision, particularly departures from the normal procedural sequence; and substantive departures

13   from the norm. Finally, the history of the action taken may shed light on the motive behind it.

14   *Arlington Heights*, 429 U.S. at 267-68, 97 S.Ct. 555, 50 L.Ed.2d 450.

15       It is not enough, however, for the plaintiff to show that a particular action or decision was

16   motivated in part by a discriminatory motive. Such a showing merely shifts the burden to the

17   defendant to show the same decision would have been reached absent the discriminatory motive.

18   *Arlington Heights*, 429 U.S. at 270, fn. 21, 97 S.Ct. 555, 50 L.Ed.2d 450; *Knop v. Johnson*, 667

19   F.Supp. 467, 501 (W.D. Mich. 1987).

20       Plaintiff's equal protection claim alleges no more than that he is denied equal protection. He

21   does not allege that there is any disparate treatment, much less that it was motivated by a

22   discriminatory motive.

23       Plaintiff has not alleged there was any drawing of any suspect classification or that such

24   classifications interfered with any fundamental rights or that there were any classifications at all.

25   Equal protection deals with "classifications" and legislative line drawings. *Rotunda, et al., Treatise*

26   *on Constitution Law* (1986) 317.

27       Plaintiff has failed to make any allegation of defendants acting with a discriminatory intent.

28   Plaintiff's allegations in no way rise to the level of an equal protection claim.

1

**CONCLUSION**

2      Plaintiff's complaint is barred by the statute of limitations. While the rest of defendants'

3  arguments are equally pertinent, the case is barred by the applicable statute of limitations. Plaintiff's

4  complaint should be subject to immediate dismissal.

5      Dated:  December 11, 2007

6                              Respectfully submitted,

7                              EDMUND G. BROWN JR.
                              Attorney General of the State of California
8                              PAUL T. HAMMERNESS
                              Supervising Deputy Attorney General
9

10

11                              BRADLEY SOLOMON
                              Deputy Attorney General
12                              Attorneys for Defendants Ignatius Chinn, Blake Graham,
                              Lee Careaga, John Marsh & Kiso Yo
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28