1. EDMUND G. BROWN JR.
   Attorney General of the State of California
2. PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3. BRADLEY SOLOMON
   Deputy Attorney General
4. State Bar No. 140625
   455 Golden Gate Avenue, Suite 11000
5. San Francisco, CA 94102-3664
   Telephone: (415) 703-5627
6. Fax: (415) 703-5480
   Email: bradley.solomon@doj.ca.gov
7. Attorneys for Defendant William Lockyer

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **RICHARD E. WILMSHURST,**<br><br>                                                    Plaintiff,<br><br>v.<br><br>**MARRIOTT OF SAN FRANCISCO, SAM SNOWDEN, IGNATIUS CHINN, WILLIAM LOCKYER, BLAKE GRAHAM, LEE CAREAGA, JOHN MARSH, and KISU YO AND DOES 1 THROUGH 100,**<br><br>                                                    Defendants. | C 07 3790 WHA<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS DEFENDANT WILLIAM LOCKYER FROM PLAINTIFF'S COMPLAINT**<br><br>Date:<br>Time:<br>Courtroom:    9, 19th Floor<br>Judge:             Honorable William Alsup |

## INTRODUCTION

Plaintiff acknowledges in his Opposition that the statue of limitations for a Federal Civil Rights action is two years. (Opposition, page 5.) He does not dispute that his arrest occurred more than two years prior to the filing of his claim. Clearly, plaintiff's Complaint is barred by the statute of limitations. Much of plaintiff's Opposition entails a request to amend and dismiss many of his admittedly inviable causes, but no amendment can cure the inherent defect of the entire Complaint. The claim is untimely and barred by the applicable statute of limitations.

**I.**

**PLAINTIFF'S UNLAWFUL ARREST CLAIM ACCRUED ON THE DATE OF HIS ARREST THEREBY SUBJECTING HIS ENTIRE COMPLAINT TO DISMISSAL PURSUANT TO THE APPLICABLE STATUTE OF LIMITATIONS**

Plaintiff incorrectly contends that his civil rights cause for unlawful arrest accrued at the time criminal charges were allegedly dismissed. In fact, all case law, including a recent U.S. Supreme Court case, finds that a cause for unlawful arrest accrues at the time of arrest.

In California, a two-year statute applies to actions for personal injuries, no matter in what manner plaintiff alleges his cause of action; and the statute begins to run upon commission of the wrongful act, even though some or most of resulting damage does not occur until later. *Strzelczyk v. Marti* (App. 1959) 169 Cal.App.2d 703, 337 P.2d 846. In the case at hand, the alleged unlawful arrest serves as the accrual date for plaintiff's civil rights cause. *Collins v. County of Los Angeles* (1966) 241Cal.App.2d 451,50 Cal. Rptr.586

In 2007, the United States Supreme Court reemphasized precedent that determines when a civil rights cause for unlawful arrest accrues:

> "We hold that the statute of limitations upon a §1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. "(*Wallace v. Kato* S.Ct. 1091, 1100 (2007).)

The *Kato* decision served to reaffirm the finding of a neighboring Circuit Court:

> "We conclude that Booker's §1983 unlawful arrest claim against Owens and Lewis accrued on the day of his arrest, August 7, 1987. Because he did not bring his §1983 claim against Owens and Lewis until February 1995, the two-years Statute of limitations bars his suit." (*Booker v. Ward,* 94 F.3d 1052, 1056-57 (7th Cir. 1996).)

*Kelley v. Myler,* once again in the Seventh Circuit, came to a similar conclusion:

> "Kelley's false arrest claim is time barred because it was not brought within two years of the date of her arrest. She was arrested on April 4, 1994, and did not file her complaint until September 20, 1996." (*Kelley v. Myler,* 149 F.3d 64), 645 (7th Cir. 1998).)

Once case law establishes the accrual date as the arrest day, plaintiff's cause is, by plaintiff's own admission, barred by the applicable statute.

**A.  While There May Be Ongoing Impactful Consequences Following An Unlawful Arrest, The Accrual Date Remains The Day Of Arrest.**

The Ninth Circuit "has repeatedly held that a "mere 'continuing impact from past violations is not actionable.'" *Id.* at 1013, citing *Grimes v. City and County of San Francisco*, 951 F.2d 236, 238-39 (9th Cir. 1991); *Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 924 (9th Cir. 1982) ((quoting *Reed v. Lockheed Aircraft Corp.*, 613 F.2d 757, 760 (9th Cir. 1980)); *Abramson v. University of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979) ("The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.").

## CONCLUSION

While defendants have provided a myriad of contentions as to why plaintiff's claim is inviable; most succinctly, plaintiff's Complaint is barred by the statute of limitations. Defendants respectfully request that the Complaint be dismissed.

Dated:  January 3, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

PAUL T. HAMMERNESS
Supervising Deputy Attorney General


/s/ *Bradley Solomon*
BRADLEY SOLOMON
Deputy Attorney General

Attorneys for Defendant William Lockyer