GAYLYNN KIRN CONANT, State Bar No. 161247
gkc@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
Telephone:   (510) 433-2600
Facsimile:   (510) 433-2699

Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC.
(Erroneously sued herein as Marriott of San
Francisco) and SAM SNOWDEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. WILMSHURST,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT OF SAN FRANCISCO, SAM SNOWDEN, IGNATIUS CHINN, WILLIAM LOCKYER, BLAKE GRAHAM, LEE CAREAGA, JOHN MARSH, and KISU YO AND DOES 1 through 100,<br><br>Defendants. | Case No. C-07-03790 WHA<br><br>**NOTICE OF RECEIPT OF LATE OPPOSITION, SUPPORTING DECLARATION OF GAYLYNN KIRN CONANT AND REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANTS MARRIOTT INTERNATIONAL, INC. AND SAM SNOWDEN TO DISMISS PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6)**<br><br>Date:        January 17, 2008<br>Time:       8:00 a.m.<br>Courtroom: 9<br>Judge:       Hon. William H. Alsup |

I.   **NOTICE OF RECEIPT OF LATE OPPOSITION TO MOTIONS TO DISMISS OF MARRIOTT INTERNATIONAL, INC. AND SAM SNOWDEN**

Although Plaintiff's Opposition to the Motions to Dismiss by Marriott International, Inc. ("Marriott") and Sam Snowden ("Snowden") was due to be filed and served no later than December 24, 2007 (December 21 for mail service) pursuant to Local Rules 5-5, 7-3, General Order 45 and Federal Rule of Civil Procedure 6, defendants Marriott and Snowden received, via U.S. Mail, Plaintiff's opposition on January 2, 2008 (See Exhibit A to Conant Declaration). Moreover, although Mr. Wilmshurst's proof of service indicates the opposition was mail-served

on December 26, 2007 (five days late) (Exhibit B to Conant Declaration), the postmark on the envelope shows the opposition was actually not mailed until December 31, 2007 (Exhibit C, Conant Declaration), a week after the opposition filing deadline. A review of the Court's docket the week of December 24 and again December 31, indicated no opposition to the motion had been filed with the Court.

As Plaintiff failed to comply with the local rule and FRCP filing and service requirements in connection with his opposition, Marriott and Snowden respectfully request that the Court grant the pending motions to dismiss, in their entirety, without consideration of the late opposition.

In the event, the Court does consider Mr. Wilmshurst's late papers, Marriott and Snowden submit their Reply Brief herein below, which is brief in light of the very short period of time in which they have had to prepare said Reply.

## II. SUPPORTING DECLARATION OF GAYLYNN CONANT REGARDING LATE SERVICE OF PLAINTIFF'S OPPOSITION

I, GayLynn Kirn Conant, declare as follows:

1. I am a partner at the law firm of Lombardi, Loper & Conant LLP, attorneys of record for Defendants Sam Snowden and Marriott International, Inc. (erroneously sued herein as Marriott of San Francisco). I have personal knowledge of all matters stated herein and could competently testify thereto if called upon as a witness.

2. Attached hereto as Exhibit A is a true and correct copy of the face sheet of the opposition brief served by Mr. Wilmshurst. In the regular course of business, our firm "date-stamps" pleadings on the day it is physically received. As Exhibit A reflects, our firm received Mr. Wilmshurst's opposition on January 2, 2008. I received nothing from Mr. Wilmshurst in response to Marriott's and Snowden's motions to dismiss before January 2, 2007.

3. In reviewing Mr. Wilmshurst late papers, there is no explanation for the late filing and service.

///

///

///

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of January, 2008, at Oakland, California.

                                      /s/ GayLynn Kirn Conant

### III. REPLY BRIEF IN SUPPORT OF MOTIONS TO DISMISS

#### A. No Good Cause Has Been Shown for the Failure to Properly Serve Defendants Within 120 Days

Mr. Wilmshurst's opposition spends considerable time debating whether or not he named the appropriate Marriott entity in the instant lawsuit. This ignores the fact that Mr. Wilmshurst, waited until the 11th hour to do anything to affect service of process and provides no reasonable explanation for the delay. Nothing was apparently done to have Summons issued until late October and then, on the last possible day, Marriott was served with an Order Setting New Case Management Conference according to the information contained in the proof of service plaintiff submits (See Exhibit D to Zaccheo Declaration) which is consistent with the information provided with the moving papers. The opposition also concedes that Mr. Snowden was not served until November 20th and that the first attempt to personally serve Mr. Snowden personally was not until November 19---well past the November 13, 2007 deadline. As Mr. Lockyer's motion and the PACER Index establishes, Mr. Wilmshurst is a veteran litigator familiar with civil procedure and the appropriate methods of service of process for corporations and individuals. No good cause has been shown to extend the 120 day period and dismissal pursuant to FRCP 4 and FRCP 5 is therefore appropriate.

#### B. The Lawsuit Was Not Filed Within Two Years of the Allegedly Improper Arrest and Search and is Therefore Time-Barred

Without citation to authority, Mr. Wilmshurst claims "until the arrest is found to be unlawful, a complaint based upon the unlawful incident cannot be made" and therefore his July 16, 2007 complaint was timely (because it was filed within two years of the date the charges were dismissed). This issue was specifically addressed in the moving papers and Mr. Wilmshurst provides no authority to distinguish *Wallace v. Kato,* 127 S.Ct. 1091, 1100 (2007) which holds

that the statute of limitations on a §1983 claim seeking damages for a false arrest accrues when the claimant becomes detained—not when charges are later dropped or dismissed. As the opposition concedes the arrest occurred on June 29, 2005 and that the complaint was not filed until over two years later, the entire action should be dismissed as time-barred.

To the extent Mr. Wilmshurst is relying on the alternative negligence claim to pursue damages against Mr. Snowden or Marriott, the claims are clearly barred by the two-year statute of limitations set forth in California Code of Civil Procedure §335.1 as any conduct by Mr. Snowden and/or Marriott that could conceivably give rise to a tort claim occurred on June 29, 2005—over two years before Mr. Wilmshurst filed his lawsuit.

### C. Plaintiff Fails to Plead Facts Sufficient to State A Claim against Mr. Snowden or Marriott

Even assuming the Complaint was not time-barred, each of the theories asserted against Marriott and Mr. Snowden fail to state a cause of action. Thus, Plaintiff's opposition does nothing more than repeat the conclusory allegations of "conspiracy" and "negligence" in his complaint and fails to offer new facts which could potentially cure the fatally defective complaint. Although pro se pleadings are liberally interpreted, a liberal interpretation may not supply essential elements of the claim that were not initially pled. *Ivivey v. Board of Regents of University of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982). Here, Mr. Wilmshurst has provided the Court with nothing to suggest any of the pleading deficiencies could be corrected with an amended pleading. Consequently, the motion to dismiss should be granted without leave to amend.

In connection with the civil rights violation claim(s), the opposition fails to address the authorities in the moving papers which establish that the essential element of "action under color of law" cannot be stated as to Marriott or Mr. Snowden. There are no facts suggesting that the defendants were clothed with the authority of the state and were purporting to act under that authority. *Sykes v. State of California,* 497 F.2d 197, 200 (9th Cir. 1974). The opposition makes clear that at all times Mr. Wilmshurst recognized Mr. Snowden as a Marriott employee and there

is no suggestion that Mr. Snowden initiated, requested or affected an arrest of Mr. Wilmshurst. In fact, Mr. Wilmshurst proclaims in his opposition that he was "singled out and searched by Defendant Lockyer's agents, based on bogus reasons that was beyond the scope of their authority. [sic] And for no reason other than to harass." There are no facts pled to suggest Mr. Snowden or Marriott had anything to do with the foregoing alleged conduct.

Likewise, the fact that Mr. Snowden allegedly opened Mr. Wilmshurt's hotel room without a warrant is irrelevant (particularly in light of Mr. Wilmshurst's probationary status and the fact that Mr. Wilmshurst was present when access was granted). Mr. Wilmshurst provides the court with absolutely no authority suggesting that a civil rights violation arises from a hotel employee accessing a guest's room under the circumstances presented by this case.

In addition, the only case cited in support of the "First Amendment" claim, *National Association for Advancement of Colored People v. State of Alabama* (the correct citation is 357 U.S. 449) has nothing to do with the claims against Marriott or Mr. Snowden. The issue presented was whether Alabama, consistently with the Due Process Clause of the Fourteenth Amendment, could compel the NAACP to reveal to the State's Attorney General the names and addresses of all its Alabama members and agents, without regard to their positions or functions in the Association. The Supreme Court held the underlying court order compelling disclosure violated the right of free association and free speech assured to the NAACP and its members under the Constitution. The case dealt with state action and there was no claim asserted against private parties.

### D. CONCLUSION

Plaintiff's late opposition provides no new facts or legal authority to save his time-barred and factually deficient lawsuit. Moreover, the opposition confirms Marriott and Mr. Snowden were not properly served within 120 days and no good cause has been shown that could justify

the delay. As the court file and Mr. Wilmshurst's own pleading admissions establish, Mr. Wilmshurst filed his lawsuit late, had Summons issued late, made service attempts late and more recently, filed opposition to the instant motion late. Consequently, Marriott and Mr. Snowden respectfully request that their pending motions to dismiss, pursuant to FRCP 12(b)(5) and (6) be granted, in their entirety, without leave to amend.

Dated: January 3, 2008                          LOMBARDI, LOPER & CONANT, LLP


By:  /s/ GayLynn Kirn Conant
GAYLYNN KIRN CONANT
Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC.
(Erroneously sued herein as Marriott of San Francisco) and SAM SNOWDEN

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

03553-37448 GKC 547573.1

- 6 -

NOTICE OF LATE OPPOSTION/DEC. OF CONANT AND REPLY IN SUPPORT OF MOTION TO DISMISS C-07-03790 WHA

**EXHIBIT A**

1  RICHARD E. WILMSHURST, In Pro Per
   Post Office Box 33
2  Angels Camp, California 95222
   Telephone: (209) 736-4566
3  Facsimile: (209) 736-4569

**RECEIVED**

JAN 0 2 2008

LOMBARDI, LOPER & CONANT, LLP

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. WILMSHURST,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT OF SAN FRANCISCO, SAM SNOWDEN, IGNATIUS CHINN, WILLIAM LOCKYER, BLAKE GRAHAM, LEE CAREAGA, JOHN MARSH, and KISU YO AND DOES 1 THROUGH 100,<br><br>Defendants. | Case No. C 07-03790 WHA<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS DEFENDANTS MARRIOTT AND SNOWDEN FROM PLAINTIFF'S COMPLAINT; DECLARATION OF KAREN ZACCHEO; PROPOSED ORDER**<br><br>Date: January 17, 2008<br>Time: 8:00 a.m.<br>Courtroom: 9<br>Judge: Honorable William H. Alsup |

**EXHIBIT B**

# CERTIFICATE OF SERVICE

I am a citizen of the United States and am employed in Stanislaus County. I am over the age of eighteen (18) years and not a party to this action; my business address is 1103 S. Main Street, Angels Camp, California 95222.

On December 26, 2007, I served the following documents: **MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS DEFENDANTS MARRIOTT INTERNATIONAL, INC. AND SAM SNOWDEN FROM PLAINTIFF'S COMPLAINT; DECLARATION OF KAREN ZACCHEO; PROPOSED ORDER** by placing a true copy thereof enclosed in a sealed envelope and served in the manner and /or manners described below to each of the parties herein and addressed as follows:

**GAYLYNN KIRN CONANT**  
LOMBARDI, LOPER & CONANT, LLP  
Lake Merritt Plaza  
1999 Harrison Street, Suite 2600  
Oakland, CA 94612-3541  

Telephone: (510) 433-2600  
Fax: (510) 433-2699  

Attorneys for Defendants  
Marriott International, Inc. and  
Sam Snowden  

__X__  **BY MAIL:** I caused such envelope(s) to be deposited in the mail at my business address, addressed to the addressee(s) designated. I am readily familiar with RICHARD E. WILMSHURST practices for collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

_____ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Angels Camp, California, on December 26, 2007.

*Karen Pace Zaccheo* (signature)  
Karen Pace Zaccheo

---

Certificate of Service                                         Case No. C 07-03790 WHA

**EXHIBIT C**



**FORTY-NINER**
P.O. Box 49
Angels Camp, California 95222

Gaylynn Kirn Conant
Lombardi, Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

First Class Mail

# PROOF OF SERVICE
Wilmshurst v. Marriott, et al.
USDC Northern District Case No. C-07-03790 WHA

I, Joni Gordon, hereby declare:

I am a citizen of the United States, over 18 years of age and not a party to the within action. I am employed in the county of Alameda; my business address is 1999 Harrison Street, Suite 2600, Oakland, CA 94612-3541.

I served the within:

**NOTICE OF RECEIPT OF LATE OPPOSITION, SUPPORTING DECLARATION OF GAYLYNN KIRN CONANT AND REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANTS MARRIOTT INTERNATIONAL, INC. AND SAM SNOWDEN TO DISMISS PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6)**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Richard E. Wilmshurst
P.O. Box 33
Angels Camp, CA 95222

☒ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Oakland, California.

☐ **By Fax Transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By Overnight Delivery:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I place the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Personal Service:** I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with the receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **By Messenger Service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service.)*

- 1

03553-37448 GKC 546660.1

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street
Suite 2600
Oakland, CA 94612-3541
TEL: 510/433-2600
FAX: 510/433-2699

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 3, 2008, at Oakland, California.

_____
Joni Gordon

LOMBARDI, LOPER
& CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street
Suite 2600
Oakland, CA 94612-3541
TEL: 510/433-2600
FAX: 510/433-2699

- 2 -

03553-37448 GKC 546660.1