United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD E. WILMSHURST,

          Plaintiff,

  v.

MARRIOTT OF SAN FRANCISCO, SAM
SNOWDEN, IGNATIUS CHINN, WILLIAM
LOCKYER, BLAKE GRAHAM, LEE
CAREAGA, JOHN MARSH, KISU YO, and
DOES 1–100,

          Defendants.

                                  /

No. C 07-03790 WHA

**ORDER GRANTING
DEFENDANTS' MOTIONS TO
DISMISS AND VACATING
HEARING**

**INTRODUCTION**

     In this civil-rights action, pro se plaintiff Richard Wilmshurst alleges false arrest and

excessive force against defendants in violation of 42 U.S.C. 1983.  Defendants are state law

enforcement officials Ignatius Chinn, Blake Graham, Lee Careaga, John Marsh, and Kiso Yo,

former Attorney General William Lockyer, Marriott International, Inc., and Marriott employee

Sam Snowden.  Because they are represented by different counsel, defendants have filed three

motions to dismiss.  For the reasons stated below, this order **GRANTS** the motions to dismiss.

**STATEMENT**

     On June 29, 2005, plaintiff attended an annual Legal Community Against Violence

dinner at the Marriott Hotel in San Francisco.  After he checked into the hotel, plaintiff walked

through the lobby to the dinner but was detained by police officer Ignatius Chinn.  "After a

limited contact [plaintiff] went to the prior EVENT cocktail party and attended the dinner"

1     (Compl. ¶¶ 2–4).  The complaint did not provide further details about the initial encounter

2     between Chinn and plaintiff.

3         After dinner, plaintiff was on his way back to his hotel room when he was "attacked"

4     by Chins, Graham, Careaga, Marsh, and Yo.  "The five men with Sam Snowmen in attendance

5     knocked Richard to the floor injuring him.  While on the floor [plaintiff] was arrested and hand

6     cuffed. [Plaintiff] was cited by Ignatius Chinn for resisting arrest."  The officers booked

7     plaintiff in the San Francisco City jail, charging him with a violation of California Penal Code §

8     148.  Plaintiff's court appearance was set for July 14, 2005 (*id*. at ¶¶ 5–6).

9         On July 14, 2005, plaintiff appeared in state court.  The district attorney decided not to

10     prosecute the case and it was dismissed by the court (*id.* at ¶ 7).  Plaintiff filed the instant

11     complaint on July 16, 2007.  In his complaint, plaintiff alleges the following claims against

12     defendants (and the claims are reproduced in their entirety in this order):

13           (i) Richard's Federal Civil Rights were violated by the conspiracy
14           of the arrest and removal of Richard from the Marriott Hotel in
           violation of his Fourth, Fifth, First, and 14th Amendment rights by
15           all parties including William Lockyer.  Richard is entitled to a
           minimum of $500,000 from each defendant in violation of Title 42
16           USCA § 1983.

17           (ii) The employees of the San Francisco Marriott conspired with
           the other named parties to violate Richard's Federal Civil Rights
18           and applied excessive force without reason or probable cause in
           violation of Title 42 USCA § 1983.  Each employee participating
19           in the false arrest and excessive force are [sic] subject to penalties
           of $500,000 each.

20           (iii) The Marriott Hotel is responsible for the safety of Richard and
           his person while a guest of the Hotel.  The Hotel allowed Richard
21           to be falsely arrested and participated in the arrest.  The Marriott
           Hotel is responsible to Richard for $10,000,000 in damages.
22
23           (iv) Each defendant is subject to punitive damages according to
           proof and assessment by the jury to each party's individual acts.
           The amount awarded [is] subject to the discretion of the jury.
24

### ANALYSIS

25
26         Defendants move for dismissal for failure to state a claim upon which relief can be

27     granted, pursuant to Rule 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests for the legal

28     sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Business v. Symington*,

    51 F.3d 1480, 1484 (9th Cir. 1995).  All material allegations of the complaint are taken as true

**United States District Court**
For the Northern District of California

1    and construed in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins.*

2    *Co.*, 80 F.3d 336, 340 (9th Cir. 1996).  "While a complaint attacked by a Rule 12(b)(6) motion

3    to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

4    'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

5    formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be

6    enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*,

7    127 S.Ct. 1255, 1264–65 (2007).[1]

8         This order finds that dismissal is warranted because plaintiff's claims are barred by the

9    applicable two-year statute of limitations.  Plaintiff alleges false arrest and use of excessive

10   force in violation of his First, Fourth, Fifth, and Fourteenth Amendment rights.  With respect to

11   the false-arrest claim, the applicable statute of limitations is two years.  "Section 1983 does not

12   contain its own limitations period, but the Supreme Court has held that the appropriate period is

13   that of the forum state's statute of limitations for personal injury torts."  *Elliott v. City of Union*

14   *City*, 25 F.3d 800, 802 (9th Cir. 1994).  According to the California Code of Civil Procedure

15   § 335.1, the statute of limitations is two years for "[a]n action for assault, battery, or injury to,

16   or for the death of, an individual caused by the wrongful act or neglect of another."

17   Plaintiff himself concedes that "[d]efendant is correct; the statute of limitations for a Federal

18   Civil Rights action is two years" (Opp. Br. 5).

19        The parties disagree over the date the limitations clock started ticking.  "[T]he accrual

20   date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to

21   state law . . .  Aspects of § 1983 which are not governed by reference to state law are governed

22   by federal rules conforming in general to common-law tort principles.  Under those principles,

23   it is 'the standard rule that [accrual occurs] when the plaintiff has a complete and present cause

24   of action, that is, when 'the plaintiff can file suit and obtain relief.'"  *Wallace*, 127 S. Ct. 1091,

25   1095 (2007).  In *Wallace*, the Supreme Court held that for false imprisonment and its subspecies

26   false arrest, the statute of limitations begins to run when the alleged false imprisonment ends.

27   *Id.* at 1093.  With respect to the excessive-force and conspiracy claims, accrual generally occurs

28

---

[1] Unless indicated otherwise, internal citations are omitted from all cites.

3

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1    when the plaintiff "knows or has reason to know of the injury which is the basis of the action."

2    *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998) (applying this rule to an

3    excessive force claim); *Kimes v. Stone*, 84 F.3d 1121 (9th Cir. 1996) (claim based on alleged

4    conspiracy accrues when plaintiffs learned of conspiracy).

5         Plaintiff argues that his complaint was timely filed.  He reasons, "This action was filed

6    within two years after the San Francisco arrest on June 29, 2005, was dismissed in the

7    San Francisco Superior Court on July 14, 2005, and since July 14, 2007 fell on a Saturday,

8    the 2 year Statute of Limitations would expire on Monday July 15, 2007.  Until the arrest is

9    found to be unlawful, a complaint based upon the unlawful incident cannot be made"

10   (Opp. Br. 5).  He cites no authority in support of his position.

11        This order rejects plaintiff's argument.  The time of accrual for false arrest occurs when

12   the alleged false arrest ends, not when charges are later dismissed.  For excessive force and

13   conspiracy, accrual begins when plaintiff knew or had reason to know of the injury that served

14   as the basis of the action.  Here, plaintiff experienced the allegedly false arrest, excessive force,

15   and conspiracy to violate his rights on June 29, 2005, when the false arrest ended.  He also

16   knew or had reason to know of the injury that constituted the basis of the instant action on that

17   date.  He nonetheless filed the complaint on July 16, 2007, which fell outside the two-year

18   limitations period.  This order holds that plaintiff's claims are time-barred.  This is dispositive.

19   Defendants' other arguments need not be reached.

20                          **CONCLUSION**

21        Because the statute of limitations lapsed before this action was commenced, defendants'

22   motions to dismiss are hereby **GRANTED** without leave to amend.  Judgment will be entered and

23   the clerk shall close the file.  The hearing is unnecessary and is therefore **VACATED**.

24

25        **IT IS SO ORDERED.**

26

27   Dated:  January 7, 2008.                    _____

28                                              WILLIAM ALSUP
                                                UNITED STATES DISTRICT JUDGE